Steven F. Schossberger, California Bar No. 178494
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829

Attorneys for Plaintiff

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING, <br><br> Plaintiff, <br><br> vs <br><br> TOM COVERSTONE, <br><br> Defendant. | Case No. 08 CV 355WQHNLS <br><br> FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT; EXTORTION; DEFAMATION |

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Hoyt A. Fleming ("Fleming") is an individual and a resident of the State of Idaho.

2. Defendant Tom Coverstone is an individual and a resident of the State of California.

3. This court has jurisdiction over this matter and over the person of Defendant pursuant to 28 U.S.C. Section 1332.

4. Venue is proper in this federal district

### II. FACTUAL BACKGROUND

5. Fleming is an attorney that is registered to practice before the United States Patent and Trademark Office.

6. Defendant has a place of business at 6241 Mimulus, Rancho Santa Fe, CA 92067.

- 1 -

1    7.    Defendant has a place of business at 3525A Del Mar Heights Road #334, San Diego, CA 92130.

8.    Defendant is an attorney that is registered to practice before the United States Patent and Trademark Office.

9    On January 22, 2008, Fleming agreed to sell and Defendant agreed to purchase U.S. Patent No. 6,204,798, which has been reissued, Reissue Patent No. 039,038, Patent Application No. 11/196,841, and Patent Application No. 11/924,352. Paragraph 13 should read as follows:

> On January 29, 2008, Defendant engaged Fleming to represent Defendant on prosecution and enforcement matters related to U.S. Patent No. 6,204,798, which has been reissued, Reissue Patent No. 039,038, Patent Application No. 11/196,841, and Patent Application No. 11/924,352, together with any patents or applications that claim priority to any of the above.

10.   On January 22, 2008, Fleming sent Defendant an email that stated in part:

> Tom,
>
> This email confirms that I have agreed to sell and that you have agreed to purchase U.S. Patent No. 6,204,798, which has been reissued, Reissue Patent No. 039,038, Patent Application No. U.S. Patent No. 11/196,841, and Patent Application No. 11/924,352. The purchase price for the above patents and applications is one million dollars.
>
> You and I will strive to close the sale by February 1, 2008. However, you and I will close the sale by February 15, 2008.
>
> Both you and I understand that I will assign a 10% interest in the above patents and applications to Vineyard Boise, a church in Boise, Idaho, and that Vineyard Boise will then assign its 10% interest to you, or an entity that you designate. I will assign my 90% interest directly to you or an entity that you designate. You will then immediately pay me $900,000 and you will then immediately pay Vineyard Boise $100,000.
>
> You and I agree that you and/or your attorneys will draft the necessary agreements.
>
> You agree to wire me ten thousand dollars tomorrow as a deposit on the purchase price. This deposit will not be refunded if the above sale is not completed by February 15, 2008. I agree to work with you and your attorneys to close the sale by February 15, 2008.
>
> If you desire my assistance on matters relating to the above patents and/or applications, you may retain me through my firm, Park, Vaughan, and Fleming. My hourly rate is $425 for non-testifying services, and $850 for testifying services.

- 2 -

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT; EXTORTION; DEFAMATION

44015 0001 1169207 1

        If you agree to the above, then please confirm via email.

Thank you.

Hoyt Fleming

11. On January 22, 2008, Defendant sent Fleming an email that stated in part:

Hoyt,

Agreed.

I will wire the $10,000.00 tomorrow to your account.

As we discussed on the phone just now, your wife Teresa will sign the assignment documents or whatever is needed. I am tied up this week, let's talk next Monday morning.

Best Regards,
Tom

12. On January 23, 2008, Defendant wired $10,000 to a bank account of Fleming.

13. On January 29, 2008, Defendant engaged Fleming to represent Defendant on prosecution and enforcement matters related to U.S. Patent No. 6,204,798, which has been reissued, Reissue Patent No. 039,038, Patent Application No. U.S. Patent No. 11/196,841, and Patent Application No. 11/924,352, together with any patents or applications that claim priority to any of the above.

14. On February 13, 2008, Defendant sent Fleming an email that stated in part:

My understanding is that our exchange of emails and our conversations is only an outline of a potential, future agreement, and we have since been engaged in communications and assessment of the price and terms, particularly related to the 10% interest. Therefore, there is no current legal obligation. The prospective agreement is incomplete until it is reduced in writing, finalized by attorneys and signed at closing. I don't intend a contract until this is done.

15. On February 13, 2008, Fleming sent Defendant an email that stated in part:

I am still willing to meet each and every term included in the agreement dated January 22, 2008. Please be advised that I will not extend the closing deadline.

16. On February 14, 2008, Defendant sent Fleming an email that stated in part:

Hoyt,

There is and never was any agreement on the key, material terms for this potential contract. I don't believe you are negotiating in good faith. I would like the $10,000 returned.

Tom

17. On February 15, 2008, Fleming sent Defendant an email that stated in part:

Tom, you agreed to the following: 'This deposit will not be refunded if the above sale is not completed by February 15, 2008.' The statement to which you agreed was very clear. If the patent portfolio sale is not completed by February 15, 2008, then the deposit will not be refunded. Regardless of whether you or I agree that the February 22, 2008 emails create a contractual requirement for you to purchase my patent portfolio, you agreed to the non-return of your deposit if the patent portfolio sale was not completed by February 15, 2008.

As you are well aware, the deposit was consideration for me taking my patent portfolio off the market in general and more specifically, not negotiating with a patent broker that contacted me regarding purchasing my patent portfolio.

Today is February 15, 2008. I have not received any assignment documents from you or your attorney. Thus, the patent portfolio sale will not close today. Pursuant to the above cited portion of the January 22, 2008 agreement, I believe it is proper for me not to refund the deposit.

If you, a sophisticated attorney that makes his living purchasing and licensing patents, or your attorney, Mr. Hank Petri, whom I respect greatly, provides me with a creditable legal analysis that indicates I should refund the deposit, I will objectively review such analysis and will consider your request to return the deposit.

18. On February 15, 2008, Defendant sent Fleming an email that state in part:

Hoyt,

You committed fraud and conspired to do the same. You mischaracterized your patents, the prior art and the file histories. You also did not disclose material facts relating to same. You did all of this even despite the attorney engagement you requested and entered with me, apparently on behalf of your entire firm. These are very serious ethics violations.

Please send my $10,000 to the address below by February 20th.

If you agree to return the $10,000, I will agree to release and waive my potential claims against you and your law firm provided it is a mutual waiver, with you likewise releasing and waiving any potential claims. Otherwise, I will be forced to consider my other options.

- 4 -

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT; EXTORTION; DEFAMATION

> Finally, do not communicate with Howrey on this. If we cannot resolve this issue now, then I will have you communicate with my litigation attorneys.
>
> Tom

19  On February 15, 2008, Fleming sent Defendant an email that stated in part:

> Each and every ethics violation you made is completely baseless.
>
> Your position is you would like me to return your deposit even though you agreed that the deposit would not be refunded. My position is that you owe me specific performance. Recall, that you agreed 'to purchase U.S. Patent No. 6,204,798 ....'

20  On February 15, 2008, Defendant sent Fleming an email that stated in part:

> Per my previous emails where I outlined in detail why there was not an agreement between us, you continue to try to hold that there was an agreement. There was not an agreement, there never was. We did not agree on key material terms. In fact, key material terms were being renegotiated just recently and over many weeks. As an example, and in one alternative potential agreement, you offered to change the assignment allocation regarding the church and I then pay you $25,000 more than the earlier price you wanted because you had doubts in your illegal tax deduction scheme with Boise Vineyard. In addition, when I told you that your tax scheme was illegal, you responded by citing a tax reference that showed that the Vineyard would not have an obligation to assign their interest in the patent to me. That seems important since even a small owner of a patent can license infringers. When parties are renegotiating key material terms – does not sound like the key material terms were set in an agreement? You can keep pasting a fragment of a sentence in an email and sending it to me, but I have not heard any substance from you at all. In fact, I all hear is lies and misrepresentations. I will not even address the fact that you prepared the email that you keep pasting from and you coerced me into agreeing to your email while I was on an airplane and the flight attendant was telling me to get off of the phone. You could not wait because you had so many buyers for the patents knocking on your door. Was that a lie too?
>
> In addition, you committed fraud – even if there was an agreement – which there was not – it would have been based on fraud in the inducement. You materially misrepresented key facts relating to your patents and competing patents. You deny ethics violations in your email, but you do not deny the misrepresentations you made.
>
> Having said all of this – I am willing to let this be dropped. I want my 10k back. And if you send the 10k back – and the return of the money is based on a matter of principle – I am willing to sign a mutual release.

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT; EXTORTION; DEFAMATION

44015 0001 1169207 1

>Think about resolving this issue over the weekend. Nevertheless, I will need to hear back from you on Monday so that I can plan my course.
>
>Tom

21. On February 15, 2008, Defendant sent Fleming an email that stated in part:

>You breached your fiduciary responsibility that you owed me; you breached your duty of loyalty you owed to me; you breached your duty to represent me zealously. And all of this was in the guise of you being so committed to your church  And that, amongst other things, ironically was one reason why we never reached an agreement  Because of your illegal tax scam with your church – we were negotiating the assignment issue in every conversation that we had – let me repeat that: in every conversation that we had we were negotiating the assignment issue regarding the church. You were adverse to me while you were representing me!! A key term was not defined!!! In time, the negotiation matured into different financial terms with differences of tens of thousands of dollars. Are you denying this? Are you denying that your position regarding the church assignment was that the church had no obligation whatsoever to assign their interest in the patent to me? Are you denying that? Are you going to just cut and paste a fragment of the sentence of the email that you sent to me while I was traveling? Are you denying that you badgered me while I was on an airplane to agree to your alleged agreement? – that you had other buyers that just had to know that day – that hour – that quarter of an hour?!! Any contract – not that there was one – would be void and null anyway since one of the material key elements of your proposal included the illegal tax scam with the church  What is your legal position? Are you a lawyer? Are you going to just cut and paste a fragment of a sentence in response? This issue is becoming a matter of principle for me. I am getting to a point where this (and you) need to be dragged into the light. You do not deserve to be practicing law nor do you deserve to be in the patent fraternity. Truth and good will prevail – You can take that to your church – I am giving you until Monday – and that is a generous offer on my part

22. On or after February 14, 2008, on information and belief, Defendant published to third parties false statements regarding Fleming's character, truthfulness, and veracity and accused him of illegal conduct and legal malpractice.

23. On or after February 14, 2008, Defendant threatened Fleming that unless he refunded the $10,000 non-refundable deposit and otherwise released Defendant from his contractual obligations, Defendant would report Fleming to third parties in an effort to impugn and discredit Fleming and otherwise impute to him or accuse him of a crime.

24. On and after February 15, 2008, the date on which Defendant's performance was to have been fully completed, Defendant continued to refuse, despite demand, to tender the agreed-upon purchase price and otherwise fully perform his contractual obligations

### COUNT ONE – BREACH OF CONTRACT

25. Fleming restates and re-avers the preceding paragraphs 1 through 24 of this Complaint in and to paragraph 25 of this Count One

26. By refusing and continuing to refuse his contractual obligations, Defendant has breached the January 22, 2008 contract.

27. Fleming, despite efforts to mitigate his damages, has not yet been able to secure a substitute and successor buyer for the patent family and thus has been deprived of the benefit of his contract with Defendant.

28. As a direct and proximate result of Defendant's breach, Fleming has been damaged in an amount of $990,000

### COUNT TWO – DEFAMATION

29. Fleming restates and re-avers the preceding paragraphs 1 through 28 of this Complaint in and to paragraph 29 of this Count Two.

30. Defendant's conduct complained of above constitutes defamation per se and has subjected Fleming to obloquy and scorn and has caused Fleming to suffer embarrassment and emotional distress.

31. As a direct and proximate result of Defendant's defamation, Fleming has been damaged in an amount in excess of $75,000 and in an exact amount to be determined at trial

### COUNT THREE – CIVIL EXTORTION
### Cal. Penal Code Sections 518-527

32. Fleming restates and re-avers the preceding paragraphs 1 through 31 of this Complaint in and to paragraph 32 of this Count Three.

33. Defendant's conduct complained of above constitutes civil extortion

34  As a direct and proximate result of Defendant's conduct, Fleming has been damaged in an amount in excess of $75,000 and in an exact amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Fleming prays for the following relief:

1. On Count One, for money damages proximately caused by Defendant's breach;

2. On Count Two, for money damages proximately caused by Defendant's acts of defamation;

3. On Count Three, for money damages proximately caused by Defendant's acts of civil extortion;

4. On all Counts, for injunctive relief enjoining Defendant from further acts as complained of herein; and

5. For such other and further relief as the court may deem just and proper.

DATED THIS 12TH day of March, 2008.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By: /S/Steven F. Schossberger, CA No. 178494
Attorneys for Plaintiff

- 8 -

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT; EXTORTION; DEFAMATION

44015.0001.1169207.1

**PROOF OF SERVICE**
*Fleming v. Coverstone*
Case No. 08 CV 355WQHNLS

STATE OF IDAHO ) 
: ss
County of Ada )

I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action. My business address is 877 Main Street, Suite 1000, P.O. Box 1617, Boise, Idaho 83701.

On March 12, 2008, pursuant to California Code of Civil Procedure Section 415.30, I served the within FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT; EXTORTION; DEFAMATION by placing a true copy of the above entitled document in a sealed envelope addressed as follows:

Tom Coverstone

6241 Mimulus

Rancho Santa Fe, California 92067

[X] By **U.S. Certified Mail/Return Receipt Requested and First Class U.S. Mail:** I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is depositing with the U.S. Postal Service on that same day with postage thereon fully prepaid at Boise, Idaho in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 12, 2008, at Boise, Idaho.

By: _____
Steven F. Schossberger

- 9 -

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT; EXTORTION; DEFAMATION

44015.0001.1169207.1