Steven F. Schossberger, California Bar No. 178494
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>vs.<br><br>TOM COVERSTONE,<br><br>    Defendant. | Case No. 08 CV 355WQHNLS<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>Date: July 28, 2008<br>Time: 11:00 am<br>Courtroom: 4<br>Judge: William Q. Hayes<br>Magistrate Judge: Nita L. Stormes<br>Complaint Filed: February 22, 2008<br>Trial Date: None set |

    Plaintiff Hoyt A. Fleming submits this Memorandum in Support of Motion to Amend Complaint.

**I.    <u>INTRODUCTION</u>**

    Plaintiff seeks leave to file and serve a Second Amended Complaint, which is attached as Exhibit A to Plaintiff's Motion to Amend. The proposed Second Amended Complaint clarifies Plaintiffs' causes of action and adds facts learned subsequent to the filing of the First Amended Complaint.

- 1 -

## II. ARGUMENT

The Court should grant Plaintiff's Motion to Amend Complaint because it complies with the liberal standards governing such motions under the Federal Rules of Civil Procedure. Under F.R.C.P. 15(a), a party may amend its pleading with the court's leave, and the court "should freely give leave when justice so requires."

The Ninth Circuit has held that its policy strongly favoring granting such motions should be applied "with 'extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). The Ninth Circuit's policy tracks the United States Supreme Court's directive to heed Rule 15(a)'s admonition to freely give leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court explained: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Rule 15(d) further provides for amendment "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

A party opposing a motion to amend under Rule 15(a) bears the burden of showing prejudice. *See Eminence Capital*, 316 F.3d at 1052.

Subsequent to the filing of the First Amended Complaint, Plaintiff learned additional detail relating to Defendant's actions, including his defamatory statements. The subsequently learned facts are added to the Second Amended Complaint.

Liberal amendment is particularly appropriate in this case given that this litigation is in its infancy. Defendant was just served with the summons and complaint in this matter on May 29, 2008 (after Plaintiff expended significant resources tracking defendant down, after Defendant's refusal to accept service by mail and after a motion to serve by publication). No discovery has taken place and no deadline for amendment has been set. Thus, there can be no prejudice to Defendant.

**III.   CONCLUSION**

For the foregoing reasons, the Court should grant leave for Plaintiff to file the Second Amended Complaint attached as Exhibit A to Plaintiff's Motion to Amend.

DATED THIS 30th day of June, 2008.

                                               HAWLEY TROXELL ENNIS & HAWLEY LLP


                                          By:  /s/ Steven F. Schossberger
                                                 Steven F. Schossberger, CA No. 178494
                                                 Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -