1   John D. Klinedinst, Bar No. 86254
    Gregor A. Hensrude, Bar No. 226660
2   Daniel S. Agle, Bar No. 251090
    KLINEDINST PC
3   501 West Broadway, Suite 600
    San Diego, California  92101
4   (619) 239-8131/FAX (619) 238-8707
    ghensrude@klinedinstlaw.com
5
    Attorneys for Defendant
6   TOM COVERSTONE

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  HOYT A. FLEMING,                    Case No.   3:08-cv-00355 WQH-NLS

11         Plaintiff,                   **OPPOSITION TO PLAINTIFF'S MOTION
                                        TO AMEND COMPLAINT**
12      v.
                                        Date          July 28, 2008
13  TOM COVERSTONE,                     Time:         11:00 a.m.
                                        Courtroom:    4
14         Defendant.                   Judge:        William Q. Hayes
                                        Magistrate Judge: Nita L. Stormes
15                                      Complaint Filed: February 22, 2008
                                        Trial Date:   None set
16

17                                  **I.**

18                            **INTRODUCTION**

19         Plaintiff Hoyt Fleming's motion for leave to amend should be denied because the

20  proposed amendment fails as a matter of law, much like the First Amended Complaint (FAC), to

21  which a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b and an anti-SLAPP

22  motion are pending.

23                                  **II.**

24                         **STATEMENT OF FACTS**

25         Fleming filed an original complaint against Defendant Tom Coverstone in the District of

26  Idaho, then filed a similar complaint against him in the Southern District of California, then filed

27  a First Amended Complaint in the Southern District.  Plaintiff then served that complaint, and

28  Coverstone promptly responded by filing a motion to dismiss (pursuant to Fed. Rules of Civ.

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA  92101

- 1 -

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  Proc. 12(b)) and anti-SLAPP motion (pursuant to Cal. Code of Civ. Proc. Section 425.16)

2  demonstrating that the complaint failed as a matter of law.  Fleming now seeks to file the fourth

3  version of the complaint in an attempt to defeat Coverstone's pending motions, mostly through

4  the addition of conclusory paragraphs stating (without factual support) that this complaint is not

5  subject to anti-SLAPP or to Civil Code section 47.

6         In attempting to plead around the motions, Fleming's proposed Second Amended

7  Complaint (SAC) removes several paragraphs from the FAC relating to e-mails showing that

8  there is no enforceable contract between Coverstone and Fleming (see, e.g., paragraph 17 of the

9  FAC).  Plaintiff then does nothing more than add several conclusory paragraphs regarding the

10  alleged breach of contract (SAC ¶¶ 12-18), and alleges additional detail as to the alleged

11  "extortion" (allegedly Coverstone's discussions in settlement about bringing to light his ethics

12  concerns about Fleming (SAC ¶¶ 23-34)).  The vast majority of the "amendment" involves

13  adding a whole section about how Coverstone's attorney allegedly sent a copy of the complaint

14  to the *Texas Lawyer* magazine, in order to plead publication for the purposes of defamation.

15  [SAC ¶¶ 31-44]

16  **III.**

17  **ARGUMENT**

18         The fourth version of the complaint should be rejected because it does not cure the

19  defects demonstrated in the pending motions, and therefore is futile.  The "new" allegations do

20  not dispose of the *legal* bars to the complaint, so the motion should be denied.

21         While it is true that leave to amend is liberally granted, amendment is not an unfettered

22  right.  The courts have repeatedly and consistently disallowed amendment where the amendment

23  would be futile.  *See, e.g. Cook, Perkiss and Liehe, Inc. v. Northern California Collection*

24  *Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  Moreover, while a federal court allowing an

25  amendment to a state law cause of action while an anti-SLAPP motion is pending  is

26  conceptually possible (in spite of the clear prohibition in California law),[1] Coverstone is aware

27

28       [1] *See, e.g., ARP Pharmacy Services, Inc. v. Gallagher Bassett Services, Inc.*, 138
Cal.App.4th 1307, 1323 (2006) ("a plaintiff cannot amend a pleading to avoid a pending anti-

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  of no case where the court allowed amendment in circumstances such as these.  The pleading at

2  issue, of course, is on its third version.  Moreover, this question should not even be addressed by

3  the court, as it is clear that leave to amend cannot be granted after an anti-SLAPP motion has

4  been granted (*Mory v. City of Chula Vista*, 2008 U.S. Dist. LEXIS 9911, *15 n. 5 (S.D. Cal.

5  2008)), and the anti-SLAPP motion was filed and is scheduled to be heard prior to the motion to

6  amend.[2]

7  **A.    The added "extortion" allegations cannot resolve the fundamental problem**

8      But even if the court were persuaded to hear the motion on the merits, it should still be

9  denied.  First, the added detail related to the extortion violations only *affirms* the arguments

10  made by Defendant, so the amendment would be futile.

11      It is not subject to dispute that an action like the one pled by Plaintiff requires that the

12  pleading party give up something of value in response to the alleged duress.  *Furhman v.*

13  *California Satellite Systems, Inc.*, 179 Cal.App.3d 408, 426 (1986), disapproved on other

14  grounds, *Silberg v. Anderson*, 50 Cal.3d 205, 212–213 (1990).  In the amendment, Plaintiff

15  makes explicit what was implicit before—"although Plaintiff was being blackmailed by

16  Defendant, *Fleming did not pay Defendant the demanded $10,000*."  [SAC ¶ 30 (emphasis

17  added)]  So even if the amendment was allowed, and the two new paragraphs (which really say

18  nothing of substance) were added, the "extortion" claim still has no merit, so the amendment

19  should be denied.[3]

20

21

SLAPP motion.")

22  [2] As the Court currently has the anti-SLAPP motion scheduled for hearing prior to the
motion for leave to amend, the anti-SLAPP motion should be granted first, rendering the motion

23  moot as to the second and third causes of action.  The only remaining consideration will be
whether leave to amend should be allowed as to the first cause of action.

24  [3] It is also worthy of note that the "amendment" does not resolve the other defense
arguments either.  If indeed Coverstone had a right to tell the State Bar, a media outlet, or any

25  other third party, that he believed that his attorney had behaved unethically, he cannot be liable
for "extortion" for threatening to do so.  *See United Professional Planning, Inc. v. Superior*

26  *Court*, 9 Cal.App.3d 377, 395 (1970).  Moreover, as noted in the motion, Coverstone
legitimately believed that Fleming's conduct was unethical, and that he had been defrauded out

27  of $10,000 as a result of the misrepresentations.  The proposed amendment does not resolve this
problem.  Fleming does not allege that he was licensed to practice where he was practicing, and

28  he does not allege that he had no duty to an existing client (because both representations are, in
fact, *true*).

- 3 -

**B.** **The explanation of the alleged defamation only further demonstrates that it is not actionable as a matter of law**

Where in the FAC Fleming provided absolutely no detail as to the alleged "defamation," he seeks the court's permission to file the SAC to add numerous paragraphs about the instrumentality of defamation. But those allegations, if allowed, would be absolutely barred by California law, so allowing them would be an exercise in futility.

In short, the SAC pleads that Coverstone's Texas attorney (Smoot Law Firm, P.C.) faxed a copy of a complaint he filed in Texas to the *Texas Lawyer* on April 7, 2008. This is a curious explanation of the publication alleged in the complaint, given that it occurred *after* the filing of this complaint. But even assuming these paragraphs to be a legitimate addition, it does not matter. There is absolutely no doubt the privilege embodied in Civil Code section 47, the basis for the special motion to strike this cause of action, is equally applicable to the faxing of a complaint to a reporter:

> A privileged publication or broadcast is one made:
>
> . . .
>
> (d)(1) by a fair and true report in, or a communication to, a public journal, of (A) a judicial . . . proceeding . . . or (D) anything said in the course thereof.

[Cal. Civil Code section 47]

There is no doubt that transmitting the complaint to a lawyers' magazine is a communication to a public journal of a judicial proceeding *and* what was said in the course thereof. In fact, applying the litigation privilege to the situation at bar *is exactly why the legislature amended Civil Code section 47* in 1996. In 1994, the *Shahvar* court had held that the facsimile transmission of a complaint to a newspaper was not a privileged act.[4] In enacting the amendment to subsection (d), the legislature stated:

> In amending section 47 of the Civil Code by this act, it is the intent of the legislature to abrogate the decision in *Shahvar v. Superior Court* (1994) 25 Cal.App.4th 653. . .

---

[4] *See Shahvar v. Superior Court*, 25 Cal.App.4th 653 (1994).

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT
3:08-cv-00355 WQH-NLS

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  Cal. Stats 1996, ch. 1055, sec. 1.  The legislature could not have been more clear—sending a

2  complaint to a public journal *is privileged*.  And it is *absolutely* privileged without regard to

3  malice or any other factor.  *McClatchy Newspapers, Inc. v. Superior Court*, 189 Cal.App.3d 961,

4  974-75 (1987).

5  And while it does not appear to have been finally decided whether the "fair and true"

6  reporting requirement could apply to "communications to" journals[5] (*See Microsoft Corp. v.*

7  *Yokohama Telecom Corp.*, 933 F.Supp. 782, 784 n. 3), the privilege would apply here even if

8  this court applied that standard.  A "fair and true" report is one that accurately describes the court

9  proceedings at issue.  *Colt v. Freedom Communications, Inc.*, 109 Cal.App.4th 1551, 1558

10 (2003).  Here, the Smoot Firm is alleged not just to have "accurately described" the complaint,

11 they passed an *actual copy of the complaint* on to the *Texas Lawyer*.  As a consequence,

12 Fleming's newfound allegations pled to avoid dismissal are barred by the privilege contained in

13 Civil Code section 47.  The "amendment" would not add anything to the briefing currently

14 before the court.  Allowing the amendment would just delay the resolution of this cause of action

15 unnecessarily, and require the parties to brief the issue twice for no reason.

16 **C.    Plaintiff cannot amend to remove the allegations that demonstrate that there was no**

17 **enforceable contract here**

18 Fleming seeks to amend his breach of contract allegations in order to make his claim

19 *seem* more valid.  For example, he seeks to remove *his own admission that the deposit was an*

20 *option price, not a purchase price*:

21 As you are well aware, the deposit was consideration for me taking
my patent portfolio off the market in general and more specifically,

22 not negotiating with a patent broker that contacted me regarding
purchasing my patent portfolio.

23

24 _____
[5]  The better view would *not* apply that rationale to the "communications to" journals, for
25 two reasons.  First, using simple statutory construction, it is clear that the "a" before
communications to means that it is a stand-alone clause.  In other words, one could not use the
26 two together grammatically unless they were separate (compare "by a fair and true . . . a
communication to" to "by . . . a communication to . . .").  When this structure is added to the
27 placement of the commas, it is clear that "fair and true" applies only to "report in" and not
"communication to."  Second, it does not make sense to apply the fair and accurate portion to
28 litigants, as opposed to investigative reporters.  The parties with an interest in the proceeding can
both report those facts beneficial to them, and the journal can then ensure that their report is "fair
and accurate."

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**
3:08-cv-00355-WQH-NLS

1  [FAC ¶ 17; does not appear in SAC]  He also seeks to add self-serving legal conclusions like

2  "the January 22, 2008 contract is not merely an agreement to agree." [SAC ¶ 12]

3      It is axiomatic that leave to amend should not be granted to allow a party to plead around

4  the law by making inconsistent representations. *Stone v. The Travelers Corp.*, 58 F.3d 434, 437

5  n. 1 (9th Cir. 1995).  Moreover, the court will not allow the plaintiff to engage in a fiction by

6  removing allegations that demonstrate that his or her claim is barred. *Edwards v. Wyeth, Inc.*,

7  2008 U.S. Dist. LEXIS 34386, *14-16 (D. Minn. 2008).

8      Here, that is exactly what Plaintiff is trying to do.  Setting aside for the moment the

9  conclusory allegations about what is or is not a binding contract, for they have no significance,

10 Plaintiff cannot amend around the allegations in the FAC, which clearly demonstrate that there is

11 no contract here.  Allowing the pretense of removing the detrimental allegations so that the

12 pleading states a claim would be an unfortunate result with no foundation in existing law.

**IV.**

**CONCLUSION**

15     The second and third causes of action should already be dismissed at the time of the

16 hearing on this motion, rendering it moot as to those.  Moreover, as to the first cause of action

17 (and the second and third, for that matter), the proposed amendment does not resolve the flaws

18 demonstrated in the motion to dismiss, so leave to amend should be denied.  Fleming's attempts

19 to plead around the motion are unavailing, as it is the *facts* pled, not the conclusory allegations,

20 that control whether or not the complaint states a claim for which relief can be granted.  Neither

21 the first, nor second, amendments accomplish this goal, so the motion should be denied it total.

22                                         KLINEDINST PC

24 DATED: July 14, 2008                  By:  /s/ Gregor A. Hensrude
25                                            GREGOR A. HENSRUDE
                                             Attorneys for Defendant
                                             TOM COVERSTONE
26
   651505v1

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

- 6 -