```
1  John D. Klinedinst, Bar No. 86254
   Gregor A. Hensrude, Bar No. 226660
2  Daniel S. Agle, Bar No. 251090
   KLINEDINST PC
3  501 West Broadway, Suite 600
   San Diego, California 92101
4  (619) 239-8131/FAX (619) 238-8707
   ghensrude@klinedinstlaw.com
5
   Attorneys for Defendant
6  TOM COVERSTONE
7
8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| HOYT A. FLEMING,<br><br>Plaintiff,<br><br>v.<br><br>TOM COVERSTONE,<br><br>Defendant. | Case No.   3:08-cv-00355 WQH-NLS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 12(B)**<br><br>Date            July 21, 2008<br>Time:           11:00 a.m.<br>Courtroom:      4<br>Judge:          William Q. Hayes<br>Magistrate Judge: Nita L. Stormes<br>Complaint Filed: February 22, 2008<br>Trial Date:     None set |

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

EXHIBIT A

TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................0

II. LEGAL STANDARD.............................................................................................1

III. ARGUMENT...........................................................................................................1

    A. The "contract" was never an enforceable agreement ...................................1

        1. Fleming still does not allege that his wife agreed to the contract terms, nor has he named her as a party ..................................2

        2. The FAC does not contain sufficient facts to demonstrate that Coverstone is a party *individually* ..................................................3

        3. Fleming has no explanation for the omission of Vineyard Boise, who was to have rights *and obligations* under the contract .......................................................................................4

        4. Fleming concedes through his attempted amendment that the facts alleged in the FAC bar this cause of action ............................5

    B. The defamation claim also fails as a matter of law .....................................6

        1. The defamation cause of action in the FAC is barred by section 47 ......................................................................................6

        2. The proposed amendment to the defamation cause of action is also barred by section 47 ................................................................7

        3. Fleming has not plead the requisite factual allegations for defamation in the FAC.............................................................9

    C. The extortion claim also fails as a matter of law........................................9

        1. The "civil extortion" cause of action is barred by section 47.............9

        2. Fleming has not demonstrated that he has sufficiently plead "civil extortion" ....................................................................10

            a. There are no allegations that he suffered harm ....................10

            b. There are no allegations that Coverstone knew his claims were false ......................................................12

IV. CONCLUSION......................................................................................................12

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraham v. Lancaster Community Hospital,*
   217 Cal.App.3d 796, 823 (1990) ..................................................................... 8

*Colt v. Freedom Communications, Inc.,*
   109 Cal.App.4th 1551, 1558 (2003) ................................................................ 8

*Columbia Pictures Corp. v. De Toth,*
   87 Cal.App.620, 628-29 (1948) ...................................................................... 5

*Edwards v. Wyeth, Inc.,*
   2008 U.S. Dist. LEXIS 34386, *14-16 (D. Minn. 2008) ................................. 5

*Flatley v. Mauro,*
   39 Cal.4th 299 (2006) ......................................................................... 10, 11, 12

*Furhman v. California Satellite Systems, Inc.,*
   179 Cal.App.3d 408 (1986) ................................................................ 10, 11, 12

*Hall v. United States,*
   314 F.Supp. 1135, 1137-38 (N.D. Cal 1970) .................................................. 1

*Kashian v. Harriman,*
   98 Cal.App.4th 892, 920 (2002) ..................................................................... 10

*Microsoft Corp. v. Yokohama Telecom Corp.,*
   993 F.Supp. 782, 784 n. 3 (1999) .................................................................... 8

*Nolan v. City of Anaheim,*
   33 Cal.4th 335, 343 (2004) ............................................................................ 12

*Padgett v. City of Monte Sereno,*
   2007 U.S. Dist. LEXIS 24309 (N.D. Cal. Mar. 20, 2007) ............................. 10

*Rojas v. Loewen Group Int'l*
   (D.P.R. 1998) 178 F.R.D. 356, 361 ................................................................ 4

*Rubin v. Green,*
   4 Cal.4th 1187, 1193 (Cal. 1993) ................................................................ 6, 7

*Sacramento Brewing Co. v. Desmond, Miller & Desmond,*
   75 Cal.App.4th 1082, 1089 (1999) ............................................................. 7, 9

*Shahvar v. Superior Court*
   25 Cal.App.4th 653 (1994) ............................................................................. 8

*Silberg v. Anderson,*
   50 Cal. 3d 205, 212 (1990) .......................................................................... 7, 9

*Taus v. Loftus*,
   40 Cal.4th 683, 720 (2007) .................................................................................9

*United Professional Planning, Inc. v. Superior Court*,
   9 Cal.App.3d 377, 395 (1970) ............................................................................12

**Statutes**

Civil Code section 1550 ..............................................................................................2

Civil Code section 1558 ..........................................................................................2, 4

Civil Code section 47 ........................................................................... 1, 7, 8, 9, 10

Federal Rules of Civil Procedure 19(a)(1) ...............................................................5

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101