Steven F. Schossberger, California Bar No. 178494
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>vs.<br><br>TOM COVERSTONE,<br><br>    Defendant. | Case No. 3:08-CV00355 WQH-NLS<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO AMEND COMPLAINT<br><br>Date: July 28, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: William Q. Hayes<br>Magistrate Judge: Nida L. Stormes<br>Complaint Filed: February 22, 2008<br>Trial Date: None Set |

## I.

## INTRODUCTION

Plaintiff Hoyt A. Fleming's ("Fleming") motion for leave to amend should be granted under the liberal leave to amend standard provided in FED. R. CIV P. 15(a). Defendant Tom Coverstone ("Coverstone") will suffer no prejudice by the amendment. Indeed, Coverstone has not, and cannot, argue any resulting prejudice. Instead, as to the extortion claim, Coverstone disdainfully continues to ignore the pertinent holding and precedent set forth in the case *Flatley v Mauro*, 39 Cal. 4th 299 (2006). With respect to the breach of contract claim, Coverstone knows there is no valid basis to oppose the motion to amend, yet he concocts a red-herring argument about immaterial allegations not included in the proposed Second Amended Complaint ("SAC"). Fleming has given notice of withdrawal of the motion to amend as it relates to Count Two (defamation) of the SAC. Accordingly,

the Court should grant Fleming's motion to file the SAC, including the counts of breach of contract and extortion.

## II.

## ARGUMENT

Coverstone is flat wrong in his unfounded assertion that the proposed SAC is futile. Coverstone's motion to dismiss should be denied. (*See* Docket No. 15.) Additionally, Coverstone's special motion to strike should be denied. (*See* Docket No. 16.) The Court can independently deny those motions without consideration of the allegations in the proposed SAC.

In Coverstone's opposition, he has completely ignored the applicable standard that is applied by this Court pursuant to FED. R. CIV. P. 15(a). In the case *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003), the Ninth Circuit set forth the standard as follows:

> "Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.' *Owens v. Taser Fond. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). In *Foman v Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:
>
> 'In the absence of any apparent or declared reason - - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - - the leave sought should, as the rules require, be 'freely given.'
>
> *Id.* at 182.
>
> 83 S. Ct. 227. *See also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Foman* factors, as well as 'previous amendment'); *Hern v Ret. Fund Trust of the Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).
>
> Not all of the factors merit equal weight. As this Circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. *See DCD Programs, Ltd. v Laten*, 833 F.2d 183, 185 (9th Cir. 1987). Prejudice is the 'touchstone of the inquiry under Rule 15(a).' *Lone Star Ladies Inv. Club v. Schlotsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howie v United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that 'The crucial factor is the resulting prejudice to the opposing party'); *cf DCD Programs*, 833 F.2d at 186-87 (noting that party opposing amendment "bears the burden of

- 2 -

>showing prejudice"). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *See Lowrey v Tx A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997). A simple denial of leave to amend without any explanation by the district court is subject to reversal. Such a judgment is 'not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the federal rules.' *Foman*, 371 U.S. at 182."

316 F.3d at 1051-52.

None of the *Foman* factors are present in the case at bar. Significantly, Coverstone does not argue prejudice. Plainly, that is because at this early stage of the litigation wherein Coverstone has not even filed an Answer, and the parties have not yet even proceeded under FED. R. CIV. P. 26(f), there can be no resulting prejudice from the Court granting Fleming leave to file the SAC with the breach of contract and extortion causes of action.

Just as Coverstone is wrong regarding the futility of Fleming's SAC, Coverstone is wrong regarding his assertion that leave to amend should be denied simply because Coverstone has filed an anti-SLAPP motion.

>"All three defendants filed motions to strike pursuant to California's anti-SLAPP statute and for attorneys' fees under that statute. Without ruling on the motions, the district court granted Vess leave to file a first amended complaint." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)

When a direct collision exists between the anti-SLAPP statute and FED. R. CIV. P. 15(a)'s policy favoring liberal amendment, FED. R. CIV. P. 15(a) prevails

>"As *Vess* implicitly suggests, granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Verizon Delaware, Inc. v. Covad Communications Co*, 377 F.3d 1081, 1091 (9th Cir. 2004)

As the Ninth Circuit makes clear, the Court should not rule on Coverstone's Anti-SLAPP motion and grant Fleming leave to file his SAC.

Fleming has withdrawn his defamation cause of action from Fleming's SAC so that this litigation can move forward. Coverstone knows the facts relating to his defamation of Fleming. Many of those facts are currently not known by Fleming. As the discovery limiting provisions of the anti-SLAPP statute do not apply in this case, Fleming intends to take discovery relating to defamatory

- 3 -

communications that Coverstone and Coverstone's agents made to third parties in general, and with the Texas Lawyer, in particular.

> "But we have also cautioned that '[p]rocedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure' and have accordingly refused to apply certain discovery-limiting provisions of the anti-SLAPP statute because they would conflict with Fed. R. Civ. P. 56. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir 2001) (internal quotation marks omitted)." *Verizon Delaware, Inc v. Covad Communications Co*, 377 F.3d 1081, 1091 (9th Cir. 2004).
>
> "Section 425.16 limits discovery and makes further discovery an exception, rather than the rule. Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will occur before summary judgment is considered.
>
> Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court. 57 F Supp.2d at 982 We agree." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).
>
> "As held in *Lockheed*, a special motion to strike premised on legal arguments, similar to a 12(b)(6) motion, is available in federal court. A special motion to strike premised on an alleged lack of evidence, similar to a summary judgment motion, is also available in federal court. However, the manner in which these motions are presented and considered must comport with federal standards.
>
> Rule 56 permits a defending party to move for summary judgment. While summary judgment motions need not be based on evidence outside the pleadings, they are often based on affidavits and other evidence. *See* Fed.R.Civ.P. 56(c); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 2711, at p. 191 (3d ed.1998). The Federal Rules discourage motions for summary judgment based on evidence outside the record until the nonmoving party has had the opportunity to conduct discovery. Rule 56(f) provides that if the party opposing a motion for summary judgment cannot yet submit evidence supporting its opposition, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f). The Supreme Court has restated this rule as requiring, rather than merely permitting, refusal "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986).
>
> These rules comport with the purpose of Rule 56(f), which is 'to provide an additional safeguard against an improvident or premature grant of summary judgment.' Wright, et al., *supra*, at § 2740, p.402. Therefore, the provision permitting continuances 'should be applied

- 4 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO AMEND COMPLAINT

with a spirit of liberality.' *Id.*

> Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court. When a state procedural rule conflicts with a Federal Rule of Civil Procedure, the Federal Rule generally controls. *See Walker,* 446 U.S. at 749-50, 100 S.Ct. 1978; *Hanna,* 380 U.S. 460, 85 S.Ct. 1136; 28 U.S.C. § 2072 (Rules Enabling Act); Wright, et al., *supra,* at § 4510. This is consistent with the analysis set out by the Ninth Circuit in *Lockheed. See id.,* 171 F.3d at 1217.
>
> In sum, § 425.16 applies in federal court. However, it cannot be used in a manner that conflicts with the Federal Rules. This results in the following outcome: If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies. If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies." *Rogers v. Home Shopping Network, Inc.,* 57 F.Supp.2d 973 (C.D. Cal. 1999).

After learning additional facts regarding Coverstone's communications, if the facts so warrant, Fleming will seek leave to amend the SAC to add a cause of action for defamation.

### A. The Amended Extortion Count Pleads A Claim Upon Which Relief Can Be Granted.

Coverstone argues that any amendment to Fleming's extortion cause of action would be futile because Fleming did not "give up something of value in response to the alleged duress." *See* Docket No. 18 at 3. Coverstone cites a single case, *Fuhrman v. California Satellite Systems, Inc.,* 179 Cal. App.3d 408 (1986), to support his argument. *See* Docket No. 18 at 3.

The plaintiff in *Fuhrman* was a class action plaintiff. ("On January 19, 1984, plaintiff filed an amended class action complaint on behalf of herself and all 8,700 recipients of the letters described herein." *Fuhrman,* 179 Cal.App.3d 408, 417.) The *Fuhrman* class action plaintiff alleged emotional distress damages due to the defendant's extortion. ("The only actual damages plaintiff alleges are her emotional distress and attorney fees." *Fuhrman,* 179 Cal.App.3d 408, 426.) The *Fuhrman* court stated the following regarding recovery of emotional distress damages in class action cases:

- 5 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO AMEND COMPLAINT

> "Second, the injury alleged in each of the first six causes of action[1] is 'severe intimidation, shock, distress, humiliation, alarm, frustration, harassment, embarrassment, defamation and disruption ....' Perhaps no cause of action is less susceptible to a class action than one for infliction of emotional distress. Recovery in each case necessarily depends on the particular characteristics of each plaintiff. Every plaintiff will have a different degree of susceptibility and emotional reaction to the conduct in question. If the legal issues were common to all class members, the individual right of each member to damages and the extent of those damages would have to be separately litigated. While each class member is similarly situated in that each received the letters in question, each member must establish his or her right to recover on the basis of facts peculiar to his or her own case. A class action is inappropriate in such a case."

> Plaintiff's action 'is singularly ill-suited for prosecution as a class action, ... Plaintiff's individual action provides [her] a sufficient vehicle to remedy any wrong [she] may have suffered as a result of defendant[s'] conduct.'" *Fuhrman*, 179 Cal.App.3d 408, 426

<u>Emotional distress damages were unavailable to the *Fuhrman* plaintiff only because she was a class action plaintiff.</u> *Fuhrman* makes it clear that emotional distress damages are available for civil extortion causes of action plead by <u>individual</u> plaintiffs, such as Fleming.

> "Plaintiff's action 'is singularly ill-suited for prosecution as a class action, ... Plaintiff's individual action provides [her] a sufficient vehicle to remedy any wrong [she] may have suffered as a result of defendant[s'] conduct.'" *Fuhrman*, 179 Cal.App.3d 408, 426

> "We consider next whether this cause of action can be upheld on some other theory. However labelled, plaintiff's first cause of action could be construed as one for the recovery of damages for the severe emotional distress caused by defendants' 'outrageous' conduct. As such, it is simply a variation of the tort of intentional infliction of emotional distress." *Fuhrman*, 179 Cal.App.3d 408, 428. (emphasis added).

Thus, Coverstone's only cited authority directly contradicts his argument that Fleming's extortion cause of action fails because Fleming did not "give up something of value in response to the alleged duress."

More importantly, Coverstone's exact argument was explicitly rejected by the California Supreme Court in *Flatley v. Mauro*, 39 Cal. 4th 299 (2006).

---

[1] Extortion was the *Fuhrman* plaintiff's first cause of action.

- 6 -

"Flatley did not pay Robertson and Mauro." *Flatley v. Mauro, supra,* at 311.

> "'Every person who, with intent to extort any money or other property from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in Section 519, is punishable in the same manner as if such money or property were actually obtained by means of such threat.' (Pen.Code, § 523.)" *Flatley v. Mauro, supra,* at 326.

> "'Although no action was taken either by Librarian or Siegel to prosecute Nadel, the record clearly shows conduct which is in violation of Librarian's oath and duties as an attorney. The threats contained in the letter indicate an attempt to commit extortion. The sending of a threatening letter with intent to extort money is 'punishable in the same manner as if such money ... were actually obtained' (Pen.Code, § 523) and the crime of extortion involves moral turpitude.' (*Id.* at pp. 329-330, 239 P.2d 865; *Barton v. State Bar* (1935) 2 Cal.2d 294, 297, 40 P.2d 502 [The conduct of an attorney who threatened an oil company with reporting adulteration of its gasoline to the prosecutor unless it paid his clients was not only grounds for disbarment but 'constituted an attempt to extort money as said crime is defined in sections 518, 519 and 524 of the Penal Code']" *Flatley v. Mauro, supra,* at 327-328.

> "We conclude that Mauro's conduct constituted criminal extortion as a matter of law in violation of Penal Code sections 518, 519, and 523." *Flatley v. Mauro, supra,* at 332.

It is clear that the California Supreme Court applied *California Penal Code* § 523 to a civil extortion cause of action. *California Penal Code* § 523 applies to Coverstone's threats even though Fleming did not subscribe to Coverstone's threats. Fleming's SAC, as well as Fleming's First Amended Complaint ("FAC"), states:

### "COUNT THREE – CIVIL EXTORTION
### Cal. Penal Code Sections 518-527"

Thus, Fleming's SAC alleges that Coverstone violated *California Penal Code* § 523. Paragraph 55 of Fleming's SAC alleges that Fleming was damaged by Coverstone's extortion. It is immaterial whether Fleming *gave* "something of value" to Coverstone. To the contrary, Coverstone unilaterally *took* "something of value" from Fleming when Coverstone violated *California Penal Code* § 523 and made Fleming a victim of a crime. Coverstone should be held liable for his crime and for what he unilaterally took from Fleming.

Of note, which has not been addressed by Coverstone, the SAC also includes a demand for jury trial pursuant to FED. R. CIV. P. 38(b). Based upon the allegations in the SAC that support

- 7 -

Fleming's claim of civil extortion, the Court should allow Fleming to proceed with his proof and try the claim on the merits to the jury. The jury should consider Fleming's proof of damages, including emotional distress damages, and should consider whether to award exemplary damages against Coverstone for his outrageously blatant acts which constitute extortion.

### B.  The Motion Should Be Granted Regarding Count I (Breach Of Contract)

Coverstone's sole ground for opposing the amendment is that paragraph 17 of the First Amended Complaint is not contained in the SAC. Paragraph 17 is immaterial to Fleming's breach of contract cause of action. Coverstone incorrectly argues that paragraph 17 indicates that the $10,000 deposit was an "option price, not a purchase price." *See* Docket No. 18 at 5. Paragraph 17 actually established the opposite in that it alleged that:

> 17.  On February 15, 2008, Fleming sent Defendant an email that stated in part:
>
> Tom, you agreed to the following: 'This deposit will not be refunded if the above sale is not completed by February 15, 2008.' The statement to which you agreed was very clear. If the patent portfolio sale is not completed by February 15, 2008, then the deposit will not be refunded. Regardless of whether you or I agree that the February 22, 2008 emails create a contractual requirement for you to purchase my patent portfolio, you agreed to the non-return of your deposit if the patent portfolio sale was not completed by February 15, 2008.

Fleming's breach of contract cause of action is established in paragraphs 9, 10, 11, and 12 of the FAC, and in paragraphs 9, 10, 11, 12 and 13 of the SAC. Contrary to Coverstone's conclusory argument, Fleming pleads a sustainable claim for breach of contract against Coverstone in paragraphs 9-13 of the SAC. It is noteworthy that this argument about paragraph 17 of the First Amended Complaint has been raised for the first time in Coverstone's Opposition to the Motion to Amend. Coverstone did not raise this theory based upon the language in paragraph 17 in his Motion to Dismiss. (*See* Docket No. 12-2 at pp. 4-7.) Hence, Coverstone's assertion that Fleming is attempting to "plead around the law by making inconsistent representations," and "Plaintiff cannot amend around the allegations" is fallacious.

As discussed above, none of the *Foman* factors apply to this Request for Leave to Amend the Breach of Contract Cause of Action. The most important factor, prejudice, is not present. Moreover,

1  Coverstone's ostensible futility argument is baseless because the Court should deny the Motion to
2  Dismiss for the reasons advanced in Fleming's Opposition Memorandum. (Docket No. 15). In
3  accordance with FED. R. CIV. P. 15(a), and in line with the controlling authority provided in
4  *Eminence Capital, LLC, supra, Vess, supra,* and *Verizon Delaware, supra,* the Court should grant
5  Fleming's motion to amend with respect to Fleming's breach of contract and extortion causes of
6  actions.

### III.
### CONCLUSION

Coverstone's presumptuous arguments touted in opposition to the motion to amend should be discarded by the Court. Fleming does plead facts which state claims of breach of contract and extortion upon which relief can be granted. Therefore, it is respectfully requested that the Court grant the Motion to Amend as to these two causes of action.

DATED THIS 21st day of July, 2008.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By: /s/ Steven F. Schossberger
Steven F. Schossberger, CA No. 178494
Attorneys for Plaintiff