**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOYT A. FLEMING,<br><br>            Plaintiff,<br>vs.<br>TOM COVERSTONE,<br><br>            Defendant. | CASE NO. 08cv355 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the (1) Motion to Strike Plaintiff's First Amended Complaint (Doc. # 11) filed by Defendant Tom Coverstone, (2) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 12) filed by Defendant Tom Coverstone, and (3) Motion to Amend Complaint (Doc. # 13) filed by Plaintiff Hoyt A. Fleming.

**Background**

On February 22, 2008, Plaintiff initiated this action by filing a complaint (Doc. # 1). On March 12, 2008, Plaintiff filed a first amended complaint ("FAC") (Doc. # 3). The parties' dispute involves an alleged agreement between Plaintiff and Defendant whereby Plaintiff agreed to sell and Defendant agreed to purchase a patent. The FAC alleges causes of action for breach of contract, defamation, and civil extortion.

On June 18, 2008, Defendant filed a Motion to Strike the FAC and a Motion to Dismiss the FAC. In the Motion to Strike, Defendant contends that the FAC's causes of action for defamation and civil extortion should be dismissed pursuant to section 426.16 of the California

1  Code of Civil Procedure (the "anti-SLAPP" statute) on grounds that there "can be no dispute
2  that the representations and negotiations in question cannot form the basis for liability based
3  upon the litigation privilege."  *Mot. to Strike,* p. 1.  In the Motion to Dismiss, Defendant
4  contends that the cause of action for breach of contract fails because there was no enforceable
5  contract; the cause of action for defamation fails because it is barred by the litigation privilege
6  and the FAC does not allege facts necessary to state a claim for defamation; and the cause of
7  action for civil extortion fails because it is barred by the litigation privilege and fails to allege
8  facts necessary to state a claim for civil extortion.  On July 7, 2008, Plaintiff filed Responses
9  in Opposition to the Motion to Dismiss and Motion to Strike (Docs. # 15, 16).  On July 14,
10 2008, Defendant filed Replies (Docs. # 17, 19).

11       On June 30, 2008, Plaintiff filed the Motion to Amend Complaint.  Plaintiff contends
12 that the proposed second amended complaint ("SAC") "clarifies Plaintiffs' [sic] causes of
13 action and adds facts learned subsequent to the filing of the First Amended Complaint."  *Mot.*
14 *to Amend,* p. 1.  Plaintiff moves to amend on grounds that, subsequent to the filing of the FAC,
15 "Plaintiff learned additional detail relating to Defendant's actions, including his defamatory
16 statements," and that there can be no prejudice to Defendant because Defendant was served
17 with the summons and complaint on May 29, 2008, just over a month before the Motion to
18 Amend was filed, and "no discovery has taken place and no deadline for amendment has been
19 set."  *Id.* at 2.  On July 14, 2008, Defendant filed a Response in Opposition to the Motion to
20 Amend (Doc. # 18).  Defendant contends that the additional allegations in the SAC do not
21 resolve the deficiencies in the FAC, and Plaintiff cannot remove allegations from the FAC that
22 demonstrate that there was no enforceable contract.

23                                                          **Applicable Law**

24       Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely
25 given when justice so requires."  Fed. R. Civ. P. 15(a).  This policy is applied with
26 "extraordinary liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079
27 (9th Cir. 1990).  Once an answer to the complaint has been filed, as is the case here, courts
28 may deny leave to amend where the proposed amendment would be futile, where it is sought

in bad faith, where it will create undue delay, or where "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### Ruling of the Court

Having reviewed the Motion to Amend and supporting documents, the Court concludes that amendment is not sought in bad faith, will not create undue delay, and will not prejudice Defendant. The Court grants the Motion to Amend. The Court has reviewed the FAC and the proposed SAC. The SAC contains significant additions and changes to the factual allegations in the FAC. In light of the significant changes in the SAC, the Court denies the Motion to Strike and Motion to Dismiss the FAC as moot.

IT IS HEREBY ORDERED that the (1) Motion to Strike Plaintiff's First Amended Complaint (Doc. # 11) is **DISMISSED as moot**, (2) Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 12) is **DISMISSED as moot**, and (3) Motion to Amend Complaint (Doc. # 13) is **GRANTED.** Plaintiff shall file a Second Amended Complaint **no later than November 3, 2008.**

DATED: October 17, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge