UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>                           Plaintiff,<br>   vs.<br>TOM COVERSTONE,<br><br>                           Defendant. | CASE NO. 08cv355 WQH (NLS)<br>**ORDER** |

HAYES, Judge:

The matters before the Court are the (1) Motion for Attorney Fees (Doc. # 31) filed by Defendant Tom Coverstone, and (2) Motion to Strike and Disregard Declaration of Gregor Hensrude in Support of Motion for Attorney Fees (Doc. # 42) filed by Plaintiff Hoyt Fleming.

**Background**

On February 22, 2008, Plaintiff Hoyt A. Fleming initiated this action by filing a complaint (Doc. # 1). The complaint alleged claims for breach of contract, defamation and civil extortion against Defendant Tom Coverstone. On February 26, 2008, Plaintiff filed a first amended complaint, which also alleged claims for breach of contract, defamation and civil extortion (Doc. # 3). On June 18, 2008, Defendant filed a special motion to strike the first amended complaint's second and third causes of action pursuant to California's anti-SLAPP state, Cal. Civ. Code § 426.16 (Doc. # 11). On June 18, 2008, Defendant also filed a motion to dismiss the first amended complaint for failure to state a claim (Doc. # 12). On June 30, 2008, Plaintiff filed a motion to amend complaint (Docs. # 13, 14). Plaintiff sought leave to

1 amend his complaint in order to "add facts learned subsequent to the filing of the First
2 Amended Complaint," including "additional detail relating to Defendant's actions, including
3 his defamatory statements." *Mot. to Amend,* p. 1-2.  Plaintiff attached a proposed second
4 amended complaint to the motion to amend, which alleged causes of action for breach of
5 contract, defamation and civil extortion.  On July 16, 2008, Plaintiff filed a notice of
6 withdrawal of the motion to amend regarding the defamation claim, which gave "notice that
7 [Plaintiff] withdraws the motion to amend complaint regarding Count Two (defamation) of the
8 proposed second amended complaint" (Doc. # 24).  On October 17, 2008, this Court issued an
9 order granting Plaintiff leave to amend and dismissing the motion to strike and the motion to
10 dismiss as moot (Doc. # 28).  The Court ordered Plaintiff to file a second amended complaint
11 no later than November 3, 2008.  On October 21, 2008, Plaintiff filed the "Second Amended
12 Complaint for Breach of Contract and Extortion" ("SAC"), which is the operative pleading in
13 this case (Doc. # 29). The SAC alleges causes of action for (1) breach of contract; and (2)
14 extortion in violation of sections 518-527 of the California Penal Code.  The SAC does not
15 allege a cause of action for defamation.

16 On October 31, 2008, Defendant filed the Motion for Attorney Fees.  Defendant
17 contends that he is a prevailing party within the meaning of California's anti-SLAPP statute
18 because Plaintiff voluntarily dismissed his defamation claim while Defendant's anti-SLAPP
19 motion was pending.  Defendant contends that he is therefore entitled to attorney fees in
20 connection with the anti-SLAPP motion of the defamation claim.  Defendant requests a total
21 fee award of $15,839.50.  In support of the Motion for Attorney Fees, Defendant submitted the
22 declaration of Gregor A. Hensrude, an associate with the law firm of Klinedinst PC, and
23 counsel of record for Defendant.  Hensrude attests that he has personal knowledge of the facts
24 in his declaration, and that he has been able to determine the work associated with the anti-
25 SLAPP motion the based on "review of the bills and my involvement in the work." *Hensrude*
26 *Decl.,* ¶ 3.
27 ///
28 ///

Defendant requests an award of attorney fees based on an hourly rate of $435.00 for the shareholder on this file; of $245.00 for the senior associate on this file; and of $220.00 for the junior associate on this file. In support of these rates, Hensrude attests that John Klinedinst is the shareholder on file, that Klinedinst has practiced law in California since 1979, that Klinedinst is rated AV by Martindale-Hubbell, and that Klinedinst is highly regarded in the legal community; that Hernsrude is the senior associate on file, that Hensrude has been practicing law in California since 2003, and that Hensrude has litigated many cases dealing with anti-SLAPP and litigation privilege issues; and that Daniel Agle is the junior associate on file, and that Agle has been practicing law since 2007, and that Aglehas drafted numerous dispositive motions and has accomplished substantial success in doing so. *Hensrude Decl.,* ¶¶ 6-8.

Hensrude attests that Klinedinst, Hensrude and Agle "performed the following legal services that are associated with the anti-SLAPP motion of the defamation claim filed by Plaintiff:" *Hensrude Decl.,* ¶ 3.

| Category | Amount |
| --- | --- |
| Communication and conference with client regarding facts and strategy related to the defamation claim | Shareholder: $170.00 (0.4 hours at $425/hr)<br>Senior Associate: $1,225.00 (5.0 hours at $220/hr) |
| Legal and factual research in preparation for anti-SLAPP of defamation claim (both motion and reply) | Senior Associate: $980.00 (4.0 hours at $245/hr)<br>Junior Associate: $1,298.00 (5.9 hours at $220/hr) |
| Analysis of law and facts regarding anti-SLAPP of defamation claim | Shareholder: $255.00 (6 hours at $425/hr)<br>Senior Associate: $686.00 (2.8 hours at $245/hr)<br>Junior Associate: $704.00 (3/2 hours at $220/hr) |
| Draft anti-SLAPP motion, and supporting papers related to defamation claim | Shareholder: $85.00 (0.2 hours at $425/hr)<br>Senior Associate: $931.00 (3.8 hours at $245/hr)<br>Junior Associate: $2,024.00 (9.2 hours at $220/hr) |

| | |
|---|---|
| Draft reply to anti-SLAPP motion (as to defamation cause of action) | Senior Associate: $1,029.00 (4.2 hours at $245/hr) <br> Junior Associate: $2,244.00 (10.2 hours at $220/hr) |
| Preparation of this motion and supporting papers (including calculations of appropriate fees associated with anti-SLAPP portion of motion). These sums are a minimum since additional time was spent finalizing the motion after these calculations were completed. | Senior Associate: $294.00 (1.2 hours at $245/hr) <br> Junior Associate: $2,618.00 (11.9 hours at $220/hr) |
| Preparation of reply brief for this motion [Estimate] | Senior Associate: $367.50 (1.5 hours at $245/hr) <br> Junior Associate: $880.00 (4 hours at $220/hr) |
| Total | $15,790.00 |

*Hensrude Decl.,* ¶ 3. Hensrude attests that "Defendant is not in a position to present actual bills for the work performed because the litigation of the extortion claim that was the subject of the original anti-SLAPP motion, and is now subject to the anti-SLAPP motion filed concurrently with this motion, is still ongoing." *Id.,* ¶ 4. Hensrude attests that "[g]iven the fact that the extortion claim remains, and that [some time] entries were divided . . . to provide the time stated above, it would be prejudicial to my client to produce those billing entries at this time, and would be difficult to do so without running afoul of the attorney-client privilege." *Id.*

On November 17, 2008, Plaintiff Filed the Response in Opposition to the Motion for Attorney Fees (Doc. # 36). Plaintiff opposes the Motion for Attorney Fees on grounds that Defendant is not the prevailing party within the meaning of California's anti-SLAPP statute, and because the Motion is "not supported by admissible testimony and documentation from the billing attorneys." *Opposition,* p. 4. On November 20, 2008, Defendant filed a Reply to the Opposition (Doc. # 39).

On November 21, 2008, Plaintiff filed the Motion to Strike and Disregard Declaration of Gregor Hensrude in Support of Motion for Attorney Fees. Plaintiff moves to strike the Declaration of Hensrude on grounds that Hensrude's declaration is not based on personal

1  knowledge, lacks necessary foundation for admissibility of facts, and is conclusory. On
2  December 8, 2008, Defendant filed a Response in Opposition to the Motion to Strike (Doc. #
3  44). On December 15, 2008, Plaintiff filed a Reply to the Opposition (Doc. # 46).

## Analysis

### I.     Motion to Strike Declaration of Gregor Hensrude

Plaintiff asserts that "Hensrude cannot speak for Mr. Klinedinst or Mr. Angle," and that "[a] true and correct copy of the attorneys' actual billing statement(s) is not provided to the Court." *Mot. to Strike,* p. 3. Plaintiff objects to the itemization of legal services performed in connection with the anti-SLAPP motion of the defamation claim, *see Hensrude Decl.,* ¶ 3, on grounds that Hensrude lacks personal knowledge, and that the information is conclusory, speculative and lacks foundation. Plaintiff objects to Hensrude's statement that some time entries were divided (to apportion between time spent preparing the initial anti-SLAPP motion with respect to the defamation claim, which is the subject of the instant Motion, and with respect to the extortion claim, which is not subject to this Motion). Defendant asserts that "[i]t is inappropriate to guess/estimate one-half of any such time should be allocated to the defamation cause of action." *Id.* at 3-4. Plaintiff objects to Hensrude's estimate with regard to preparing a reply brief for the instant motion, stating that "Hensrude speculates as to the amount of time to be spent by himself and Mr. Agle to prepare a future reply brief." *Id.* For the foregoing reasons, Plaintiff requests that the Court strike the Declaration of Hensrude.

Defendant contends that Rule 54 of the Federal Rules of Civil Procedure does not require that the actual billing statements to be submitted to the Court, and that in this case submitting the actual billing statements would be unduly prejudicial to Defendant because the litigation is ongoing. Defendant contends that Hensrude has personal knowledge of the amounts billed to Defendant and the amounts being requested because "[a]nyone with knowledge of how billing records are kept in his or her law firm can review those bills and come to conclusions about the amounts that have been incurred." *Opp. to Mot. to Strike,* p. 3. Defendant contends that "providing an estimate for the fees associated with the reply brief was not only appropriate, it was the best way to proceed under the circumstances," and that the

1  estimated amount "was not only conservative, it was extremely low." *Id.* at 4.  Defendant
2  contends that splitting fee entries in half over the two causes of action was a proper strategy
3  and does not affect the admissibility of the declaration.  Defendant states: "To explain further,
4  in the event there was an entry for 'preparation of statement of facts' for the anti-SLAPP
5  motion, that time would be divided in half because that task would relate to both the
6  defamation and extortion causes of action."  *Id.*  Defendant contends that Hensrude's
7  declaration "should be considered in whole as it is adequately based on Mr. Hensrude's
8  personal knowledge and conforms to the requirements of evidence as confirmed by the
9  Courts." *Id.* at 5.

10  In his Declaration submitted in support of the Motion for Attorney Fees, Hensrude
11  attests that he has personal knowledge of the facts in the Declaration based on his review of
12  the bills and personal involvement in the work.  The Court finds that Hensrude has sufficient
13  personal knowledge of the work performed that was associated with the anti-SLAPP motion
14  of the defamation claim.  Defendant has submitted a detailed and itemized list of services
15  performed in connection with the subject anti-SLAPP motion of the defamation claim, and
16  Plaintiff does not cite legal authority to support his assertion that Defendant must provide
17  actual billing statements.  In the absence of contrary legal authority and in light of the detailed
18  information submitted by Defendant, the Court finds that Defendant's failure to submit actual
19  billing statements does not render Hensrude's declaration unreliable.  The Court finds that
20  Defendant's methodology of splitting fee entries in half over the cause of action for defamation
21  (for which Defendant seeks to recover attorney fees) and for extortion (for which Defendant
22  does not seek to recover attorney fees) was a reasonable and proper means to assure that
23  Defendant is only awarded fees related to the anti-SLAPP motion of the defamation claim, not
24  the extortion claim.  The Court finds that the time estimate with respect the time expended
25  preparing Defendant's Reply to the Opposition to the Motion for Attorney Fees was reasonable
26  and permissible under the Federal Rules.  *See* Fed. R. Civ. P. 54(d) (a motion for attorney fees
27  must "state the amount sought or provide a fair estimate of it").  In light of the foregoing, the
28  Court concludes that the Declaration of Gregor Hensrude, filed in support of the Motion for

Attorney Fees, is adequately based on Hensrude's personal knowledge, and sufficiently specific, detailed and reliable. The Motion to Strike is denied.

## II.     Motion for Attorney Fees under California's Anti-SLAPP Statue

### A.     Defendant's Entitlement to Attorney Fees

Defendant emphasizes that Plaintiff did not file the proposed second amended complaint that Plaintiff attached to the motion to amend. Defendant contends that the SAC actually filed by Plaintiff did not contain "the significant additions and changes related to the defamation claim that had been proposed;" instead the SAC removed the cause of action for defamation in its entirety, which is tantamount to Plaintiff's voluntary dismissal Plaintiff's defamation claim. *Mot. for Attorney Fees,* p. 2. Defendant contends that Plaintiff's defamation claim was subject to an anti-SLAPP motion that was pending before this Court at the time Plaintiff filed the motion to amend. Defendant contends that he is the prevailing party within the meaning of California's anti-SLAPP statute because Plaintiff voluntarily dismissed his defamation claim which was subject to a pending anti-SLAPP motion. Defendant contends that as the prevailing party, he is entitled to attorney fees under the anti-SLAPP statute.

Plaintiff contends that Defendant is not the prevailing party on his anti-SLAPP motion because the Court's October 17, 2008 order dismissed Defendant's anti-SLAPP motion as moot in light of the Court's decision to grant Plaintiff leave to amend. Plaintiff asserts that the purpose of the anti-SLAPP statute is the early dismissal of meritless claims, and this purpose is served by a plaintiff eliminating the offending claims from their complaint. Plaintiff contends that "the clear corollary . . . is that if the offending claims do not remain in the amended complaint, then the anti-SLAPP remedies do not remain available to defendants." *Opposition,* p. 3 (emphasis omitted). Plaintiff contends that in light of the early dismissal of his defamation claim, Defendant is not entitled to attorney fees under the anti-SLAPP statute.

California's anti-SLAPP statute states:

> [A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.  If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion.

Cal. Civ. Proc. Code § 425.15(c). "[W]here the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under" section 425.16(c). *Coltrain v. Shewalter,* 66 Cal. App. 4th 94, 107 (1998); *see also ARP Pharmacy Services, Inc. v. Gallagher Bassett Services, Inc.,* 138 Cal. App. 4th 1307, 1323 (2006) ("A plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which an anti-SLAPP motion is directed."). Similarly, "a plaintiff cannot amend a pleading to avoid a pending anti-SLAPP motion." *ARP Pharmacy Services,* 138 Cal. App. 4th at 1323; *see also Sylmar Air Conditioning v. Pueblo Contracting Services,* 122 Cal. App. 4th 1049, 1055 (2004) (rejecting plaintiff's argument that "an amendment of the complaint is qualitatively different than dismissal of the complaint and therefore it should not be treated similarly").

> [T]he critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits.

*Coltrain,* 66 Cal. App. 4th at 107.

The defamation claim in the first amended complaint was subject to a pending special motion to strike pursuant to California's anti-SLAPP statute. Plaintiff amended the first amended complaint to remove the defamation claim while the anti-SLAPP motion of the defamation claim was pending. Plaintiff does not assert that he dismissed the defamation claim because Plaintiff has substantially achieved his goals through settlement, because Defendant was insolvent, or for other reasons unrelated to the probability of success on the merits. *See Coltrain,* 66 Cal. App. 4th at 107. The Court concludes that Plaintiff's amendment of the first amended complaint to remove the defamation claim is tantamount to a voluntary dismissal of his defamation claim which was the subject of a pending anti-SLAPP motion, and that Defendant is the prevailing party within the meaning of California's anti-SLAPP statute. As the prevailing party, Plaintiff is entitled to attorney fees because Defendant may not avoid

liability for attorney fees under the anti-SLAPP statute by dismissing his claims subject to a pending anti-SLAPP special motion to strike.

### B. Amount of Attorney Fees

An award of attorney fees to a prevailing defendant is mandatory under the anti-SLAPP statute. *Christian Research Institute v. Alnor,* 165 Cal, App. 4th 1315, 1321 (2008). The court, however, has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant. *Metabolife International, Inc. v. Wornick,* 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) (citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,* 47 Cal. App. 4th 777, 785 (1996). The amount of reasonable fees to be awarded to the prevailing party are calculated according to a two part lodestar/multiplier approach. Under the lodestar method, a court determines an initial estimate of fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 n.5 (9th Cir. 1987). A court may then adjust the lodestar figure upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. There is a strong presumption that the lodestar figure represents a reasonable fee, and any upward or downward adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations omitted). The Court must have "substantial evidence" to support the fee award. *Macias v. Hartwell,* 555 Cal. App. 4th 669. 676 (1997).

As previously noted, Defendant submitted the Declaration of Hensrude in support of its Motion for Attorney Fees. Hensrude attests that the hourly rates billed by the attorneys ($425/ hr for the shareholder; $245/hr for the senior associate; and $220/hr for the junior associate) were reasonable given the prevailing standards in the community and the attorneys' respective experience. *Hensrude Decl.,* ¶¶ 6-8. Plaintiff does not object to the per hour fees charged by Defendant's attorneys. The Court, based on its knowledge of prevailing standards in the community and absent any objection to the attorneys' per hour fees, finds the per hour fees of $425/ hr for the shareholder on file, $245/hr for the senior associate on file, and $220/hr for the junior associate on file, to be reasonable.

Hensrude attests that he was able to determine the total amount of time spent in connection with the anti-SLAPP motion of the defamation claim and the specific amount of time spent for each independent category of work performed based on his review of the bills and personal involvement in the work. Defendant has submitted a thorough and detailed itemization of fees which describes each specific activity, the amount of time spent, the attorney who performed the work, and the rate requested. *Hensrude Decl.,* ¶ 3. The work for which Defendant requests attorney fees was directly related to the subject anti-SLAPP motion of the defamation claim, and Defendant has submitted substantial evidence supporting the requested fee award. The Court concludes that the attorney fees requested by Defendant are reasonable and supported by substantial evidence. The Court awards Defendant attorney fees totaling $15,790.50.

### Conclusion

IT IS HEREBY ORDERED that the Motion for Attorney Fees (Doc. # 31) is **GRANTED**. The Court awards Defendant Tom Coverstone $15,790.50 in attorney fees. It is further ordered that the Motion to Strike Declaration of Gregor Hensrude in Support of Motion for Attorney's Fees (Doc. # 42) is **DENIED.**

DATED: March 18, 2009

                                          *William Q. Hayes*
                                    **WILLIAM Q. HAYES**
                                    United States District Judge