Steven F. Schossberger, California Bar No. 178494
John Ashby, ISB No. 7228 (*Admitted Pro Hac Vice*)
HAWLEY TROXELL ENNIS & HAWLEY, LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
(208) 344-6000
(208) 342-3529 (facsimile)

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>vs.<br><br>TOM COVERSTONE,<br><br>    Defendant. | Case No.: 3:08 CV 355 WQH-NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL. CIV. CODE § 1550**<br><br>Hearing Date: May 26, 2009<br>Hearing Time: 11:00 AM<br>Courtroom: 4<br><br>Judge: William Q. Hayes<br>Magistrate Judge: Nita L. Stormes<br>Complaint Filed: February 22, 2008<br>Trial Date: None set<br><br>ORAL ARGUMENT NOT REQUIRED |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL. CIV. CODE § 1550

44015.0001.1474580.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......................................................................................................1

II. FACTUAL BACKGROUND ......................................................................................1

III. ANALYSIS ..................................................................................................................2

    A. Legal Standard for Summary Judgment .............................................................2

    B. The January 22 Email Exchange is a Contract under CAL. CIV. CODE § 1550 ....4

        1. Parties Capable of Contracting ....................................................................5

        2. Consent .........................................................................................................6

        3. Lawful Object ..............................................................................................7

        4. Sufficient Consideration ..............................................................................7

IV. CONCLUSION ............................................................................................................7

# TABLE OF AUTHORITIES

Page

**Cases**

*Adickes v. S.H. Kress & Co.,*
  398 U.S. 144 (1970) .................................................................................................. 3

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986) .................................................................................................. 3

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ............................................................................................. 2, 3

*In re Bennett,*
  298 F.3d 1059 (9th Cir. 2002) .................................................................................. 4

*In re Data General Corp. Antitrust Litigation,*
  490 F. Supp. 1089 (N.D. Cal. 1980) ........................................................................ 3

*Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.,*
  160 Cal.App.2d 290 (Cal. App. 1958) ...................................................................... 7

*Lovejoy Electronics, Inc. v. O'Berto,*
  616 F. Supp. 1464 (D.C. Ill. 1985) ........................................................................... 4

*Luria Steel & Trading Corp. v. Ford,*
  9 F.R.D. 479 (D. Neb. 1949) .................................................................................... 4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) .................................................................................................. 3

*Netbula, LLC v. BindView Development Corp.,*
  516 F.Supp.2d 1137 (N.D. Cal. 2007) ...................................................................... 4

*Stewart v. Preston Pipeline Inc.,*
  36 Cal.Rptr.3d 901 (Cal. App. 2005) ........................................................................ 7

*Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.,*
  520 F.Supp.2d 1184 (C.D. Cal. 2007) ...................................................................... 4

*United States ex rel. Oliver v. Parsons Co.,*
  195 F.3d 457 (9th Cir. Cal. 1999) ............................................................................. 4

**Other Authorities**

10B WRIGHT, MILLER & KANE, *Federal Practice and Procedure: Civil 3d* § 2737 (West 1998) . 3

CAL. CIV. CODE § 1549 ................................................................................................. 4

CAL. CIV. CODE § 1550 ......................................................................................... 1, 4, 7

CAL. CIV. CODE § 1605 ................................................................................................. 7

CAL. CIV. CODE § 1636 ................................................................................................. 4

CAL. CIV. CODE § 1639 ................................................................................................. 5

FED. R. CIV. P. 16 ......................................................................................................... 3

FED. R. CIV. P. 56 .................................................................................................... 2
FED. R. CIV. P. 56(c) .............................................................................................. 2
FED. R. CIV. P. 56(d) ........................................................................................ 3, 4
FED. R. CIV. P. 56(e) .............................................................................................. 3

## I. INTRODUCTION

On February 15, 2008, Defendant Tom Coverstone ("Defendant") backed out of an agreement to purchase intellectual property from Plaintiff Hoyt A. Fleming ("Plaintiff") for $1,000,000. The specific issue before the court is whether the January 22, 2008 email exchange between Plaintiff and Defendant was a valid contract under CAL. CIV. CODE § 1550 on January 22, 2008.

## II. FACTUAL BACKGROUND

On January 9, 2008, Plaintiff and Defendant, both licensed United States patent attorneys, met to discuss Defendant's purchase of a patent portfolio from Plaintiff. *Fleming Aff* at ¶¶ 2-3

On January 22, 2008, Defendant orally agreed to purchase the intellectual property *Id.* at ¶ 4. In confirmation of the oral agreement, Plaintiff sent Defendant an email entitled "Purchase of Fleming Radar Detector Family." *Id.* at ¶ 5. The email stated, in relevant part:

> "Tom,
>
> This email confirms that I have agreed to sell and that you have agreed to purchase U.S. Patent No. 6,204,798, which has been reissued, Reissue Patent No. 039,038, Patent Application No. U.S. Patent No. 11/196,841, and Patent Application No. 11/924,352. The purchase price for the above patents and applications is one million dollars
>
> You and I will strive to close the sale by February 1, 2008 However, you and I will close the sale by February 15, 2008
>
> Both you and I understand that I will assign a 10% interest in the above patents and applications to Vineyard Boise, a church in Boise, Idaho, and that Vineyard Boise will then assign its 10% interest to you, or an entity that you designate I will assign my 90% interest directly to you or an entity that you designate. You will then immediately pay me $900,000 and you will then immediately pay Vineyard Boise $100,000.
>
> You and I agree that you and/or your attorneys will draft the necessary agreements.
>
> You agree to wire me ten thousand dollars tomorrow as a deposit on the purchase price This deposit will not be refunded if the above sale is not completed by February 15, 2008. I agree to

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL. CIV. CODE § 1550

44015 0001 1474580 1

>work with you and your attorneys to close the sale by February 15, 2008.
>
>If you agree to the above, then please confirm via email
>
>Thank you.
>
>Hoyt Fleming"

*Id.*

Later that day, Defendant responded to the email confirming his agreement to the terms:

>"Hoyt,
>
>Agreed.
>
>I will wire the $10,000.00 tomorrow to your account.
>
>As we discussed on the phone just now, your wife Teresa will sign the assignment documents or whatever is needed. I am tied up this week, let's talk next Monday morning.
>
>Best Regards,
>
>Tom"

*Id.* at ¶ 6.

Plaintiff's January 22, 2008 email together with Defendant's January 22, 2008 email, which also included the text of Plaintiff's January 22, 2008 email, will hereafter be referred to as the "January 22 Email Exchange".

### III. ANALYSIS

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL. CIV. CODE § 1550

44015 0001 1474580 1

1  (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury
2  could return a verdict for the nonmoving party." *Id.*

3  A party seeking summary judgment always bears the initial burden of establishing the
4  absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may
5  meet this burden in two ways: (1) by presenting evidence that negates an essential element of the
6  nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a
7  showing sufficient to establish an element essential to that party's case on which that party will
8  bear the burden of proof at trial. *Id.* at 322-23. If the moving party fails to discharge this initial
9  burden, summary judgment must be denied and the court need not consider the nonmoving
10 party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

11 If the moving party satisfies its initial burden, the nonmoving party cannot defeat
12 summary judgment merely by demonstrating "that there is some metaphysical doubt as to the
13 material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586
14 (1986); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in
15 support of the nonmoving party's position is not sufficient.") Rather, the nonmoving party must
16 "go beyond the pleadings and by her own affidavits, or by the depositions, answers to
17 interrogatories, and admissions on file, designate specific facts showing that there is a genuine
18 issue for trial." *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)) (internal quotations
19 omitted).

20 Courts may also grant partial summary judgment pursuant to Federal Rule of Civil
21 Procedure 56(d). "The procedure prescribed in subdivision 56(d) is designed to be ancillary to a
22 motion for summary judgment." 10B WRIGHT, MILLER & KANE, *Federal Practice and*
23 *Procedure: Civil 3d* § 2737 (West 1998). *See In re Data General Corp. Antitrust Litigation*,
24 490 F. Supp. 1089, 1103 (N.D. Cal. 1980) ("The purpose of a Rule 56(d) order, which is
25 analogous to a pretrial order under Rule 16, is to salvage all constructive results of summary

26

27

- 3 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL. CIV. CODE § 1550

44015 0001 1474580 1

judgment proceedings."); *Lovejoy Electronics, Inc. v. O'Berto,* 616 F. Supp. 1464 (D.C. Ill. 1985) ("[Partial summary judgment's] purpose is to salvage some results from the judicial effort involved in the denial of a motion for summary judgment and to frame narrow triable issues if the court finds that the order would be helpful with the progress of litigation." (Internal citations omitted)) The ultimate purpose of partial summary judgment is to narrow the issues for trial. "The [Rule 56(d)] procedure was intended to avoid a useless trial of facts and issues over which there was really never any controversy and which would tend to confuse and complicate a lawsuit." *Luria Steel & Trading Corp. v. Ford,* 9 F.R.D. 479, 481 (D. Neb. 1949).

### B. The January 22 Email Exchange is a Contract under CAL. CIV. CODE § 1550

"A contract is an agreement to do or not to do a certain thing." CAL. CIV. CODE § 1549. Under California law, the four essential elements of a valid contract are:

1. Parties capable of contracting;
2. Their consent;
3. A lawful object; and
4. A sufficient cause or consideration.

CAL. CIV. CODE § 1550; *United States ex rel Oliver v. Parsons Co.*, 195 F.3d 457 (9th Cir. Cal. 1999), cert. denied 120 S. Ct. 2657, 530 U.S. 1228, 147 L. Ed. 2d 272; *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1184 (C.D. Cal. 2007); *Netbula, LLC v. BindView Development Corp.*, 516 F. Supp. 2d 1137 (N.D. Cal. 2007).

"Under California law, the interpretation of the contract is a question of law" for the courts to decide. *In re Bennett,* 298 F.3d 1059, 1064 (9th Cir. 2002). "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful". CAL. CIV. CODE § 1636. "When a contract is reduced to a writing, the intention of the parties is to be ascertained from the writing alone, if possible." *Id.* § 1639.

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL. CIV. CODE § 1550

44015 0001 1474580 1

### 1. Parties Capable of Contracting

The January 22 Email Exchange identifies two parties. The January 22 Email Exchange states:

> "Tom,
>
> This email confirms that I have agreed to sell and that you have agreed to purchase . . .
>
> Hoyt Fleming"

and

> "Hoyt,
>
> Agreed.
>
> Best Regards,
>
> Tom"

*Fleming Aff.* at ¶¶ 5-6 (emphasis added).

As the January 22 Email Exchange is clear and unambiguous, the intentions of the parties should be ascertained from the January 22 Email Exchange and not from any extrinsic evidence. *See* CAL. CIV. CODE § 1639. As the Court has already held, Plaintiff and Defendant are the parties to the January 22 Email Exchange:

> "The January 22 Email Exchange contemplates that Plaintiff would sell and Defendant would purchase specified patents, and does not indicate that Defendant was not negotiating on his behalf, or that parties other than Plaintiff and Defendant would be bound by the agreement." *Docket 47*, pg. 11.

Thus, there are two and only two parties to the January 22 Email Exchange, Plaintiff and Defendant. Plaintiff requests the Court to clearly rule that there are no parties other than Plaintiff and Defendant to the January 22 Email Exchange so that the Plaintiff's wife can be promptly dismissed from this action.

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL CIV CODE § 1550

44015 0001 1474580 1

### 2. Consent

The January 22 Email Exchange evidences the consent of both Plaintiff and Defendant. The January 22 Email Exchange states:

> "Tom,
>
> This email confirms that <u>I have agreed</u> to sell and that <u>you have agreed</u> to purchase    .
>
> <u>You and I agree</u> that you and/or your attorneys will draft the necessary agreements.
>
> <u>You agree</u> to wire me ten thousand dollars tomorrow as a deposit on the purchase price. This deposit will not be refunded if the above sale is not completed by February 15, 2008. <u>I agree</u> to work with you and your attorneys to close the sale by February 15, 2008.
>
> <u>If you agree to the above, then please confirm via email.</u>
>
> Hoyt Fleming

and

> "Hoyt,
>
> <u>Agreed</u>
>
> Best Regards,
>
> Tom"

*Id.* (emphasis added).

As the Court has already stated, both Plaintiff and Defendant "unequivocally" manifested their consent:

> "Plaintiff's January 22, 2008 email requested Defendant to confirm '[i]f you agree to the above,' and Defendant responded unequivocally: 'Agreed'" *Docket 47*, pg. 11.

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL. CIV. CODE § 1550

### 3. Lawful Object

The January 22 Email Exchange has a lawful objective, namely to sell Plaintiff's patents and patent applications to Defendant for one million dollars.

> "This email confirms that I have agreed to sell and that you have agreed to purchase U.S. Patent No. 6,204,798, which has been reissued, Reissue Patent No. 039,038, Patent Application No. U.S. Patent No. 11/196,841, and Patent Application No 11/924,352. The purchase price for the above patents and applications is one million dollars."

*Fleming Aff.* at ¶¶ 5-6.

There is no California or Federal law that prohibits selling or purchasing patents and patent applications. Thus, the January 22 Email Exchange has a lawful objective.

### 4. Sufficient Consideration

The January 22 Email Exchange demonstrates sufficient consideration, namely mutual promises. Plaintiff promised to sell his intellectual property in exchange for Defendant promising to pay $1,000,000. Mutual promises are sufficient consideration. *See* CAL. CIV. CODE § 1605; *Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.*, 160 Cal.App 2d 290, 295 (Cal. App. 1958) ("Mutual promises constitute consideration."); *Stewart v. Preston Pipeline Inc.*, 36 Cal.Rptr 3d 901, 918 (Cal. App. 2005) ("mutual promises (sufficient consideration)").

## IV. CONCLUSION

For each of the above and foregoing reasons, Defendant requests the Court to rule that the January 22 Email Exchange was a valid contract under CAL. CIV. CODE § 1550 on January 22, 2008.

Dated this 1st day of April, 2009

    Respectfully Submitted,

    HAWLEY TROXELL ENNIS & HAWLEY LLP

    By: /s/ Steven F. Schossberger
    Attorneys for Plaintiff
    E-mail: sfs@hteh.com

- 7 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE JANUARY 22, 2008 EMAIL EXCHANGE IS A VALID CONTRACT UNDER CAL CIV CODE § 1550

44015 0001 1474580 1