John D. Klinedinst, Bar No. 86254
Gregor A. Hensrude, Bar No. 226660
Daniel S. Agle, Bar No. 251090
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendant/Counterclaimant
TOM COVERSTONE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>TOM COVERSTONE,<br><br>    Defendant. | Case No.   3:08-cv-00355 WQH-NLS<br><br>**COUNTERCLAIMANT TOM COVERSTONE'S OPPOSITION TO TERESA A. FLEMING'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**<br><br>Date             May 26, 2009<br>Time:            11:00 a.m.<br>Courtroom:       4<br>Judge:           William Q. Hayes<br>Magistrate Judge: Nita L. Stormes<br>Complaint Filed: February 22, 2008<br>Trial Date:      None set |
| TOM COVERSTONE,<br><br>    Counterclaimant,<br><br>    v.<br><br>HOYT A. FLEMING; TERESA A. FLEMING and PARK, VAUGHAN & FLEMING, LLP,<br><br>    Counterdefendants. | |

## I.     INTRODUCTION

Ms. Fleming holds a community interest in the portfolio at issue and that interest is the basis for this court's ability to exercise personal jurisdiction over her. Counterclaimant's claims against Ms. Fleming request nothing more than a declaratory judgment that Ms. Fleming has no rights and Counterclaimant owes her no duties under

- 1 -

the purported contract asserted in Plaintiff's Second Amended Complaint. [Counterclaim at ¶ 37.] Because this action deals with community property, the inclusion of Ms. Fleming is necessary because without her, there would be a threat that Counterclaimant would unable to obtain finality as to the purported contract without joining Ms. Fleming due to her community interest in the property. And under controlling law, it is proper for this court to exercise personal jurisdiction over Ms. Fleming.

## II. ARGUMENT

As explained in this court's April 30, 2009 order on Counterclaimant's request for leave to conduct jurisdictional discovery, the issue of whether Ms. Fleming holds an interest in the patent portfolio, by virtue of the community nature of the portfolio, based on her marriage to Plaintiff and residence in a community property state is not a factual issue. [April 30, 2009 Order, page 4, lines 23-25] Therefore, this court must determine whether the patent portfolio is a community asset as a matter of law and whether personal jurisdiction can properly be exercised once the portfolio is determined to be a community asset. Based on the court's April 30, 2009 order, both are issues of law. The answer to both questions of law is yes.

### A. The Portfolio is a Community Asset

As alleged in the Counterclaims, Ms. Fleming is married to Plaintiff and they reside in a community property state. [Counterclaim at ¶¶ 3 and 32.] Plaintiff has confirmed at his deposition that he and Ms. Fleming were married in 1986. [Ex. A: Depo. of H. Fleming 275:14-18] And Ms. Fleming has confirmed in her affidavit in support of her motion to dismiss that she is a resident of Idaho. [Aff. of T. Fleming at ¶ 8.]

It is further alleged that Ms. Fleming held an interest in the patent portfolio that is the subject of this litigation. [Counterclaim at ¶ 32.] If Ms. Fleming does in fact hold an interest in the portfolio, she held an interest in the contract. And this is the exact reason that Defendant included the requirement in his January 22, 2008 e-mail that Ms. Fleming

///

to sign any paperwork that dealt with the sale of the portfolio. [Second Amended Complaint at ¶ 11.]

Although Ms. Fleming has asserted that she holds no interest in the portfolio because she is not a registered owner with the USPTO, she ignores the fact that the portfolio is unquestionably a community asset.[1] Because Plaintiff and Ms. Fleming reside in Idaho, the community nature of their property is established under Idaho law. And the Idaho Supreme Court has recently confirmed what has long been the law of that state:

> Property acquired during the marriage is presumptively regarded as community property. [Citation] The party seeking to overcome the presumption has the burden of proving "with reasonable certainty and particularity" that an asset is his or her separate property. [Citations] This may be accomplished "by establishing that the property was acquired by one spouse prior to the marriage, by tracing the funds used to acquire the asset to a separate property source, or by showing that the property was acquired by gift, bequest or devise during the marriage." [Citations] Absent such a showing, all property "acquired after marriage by either the husband or wife is community property." [Citations]

*Banner Life Ins. Co. v. Mark Wallace Dixson Irrevocable Trust*, 2009 Ida. LEXIS 55 (Idaho Apr. 3, 2009). The intellectual property that makes up the portfolio was conceived in May of 1998, well after Plaintiff and Ms. Fleming were married and while they were residing in Boise Idaho. [Ex. A: Depo. of H. Fleming 31:14-32:19] Plaintiff further testified that the invention was not something that was gifted, bequeathed, or devised to him during the marriage. [Ex. A: Depo. of H. Fleming 68:23-71:10] In light of that evidence, there is no possible way that Ms. Fleming can overcome the presumption, much less with reasonable certainty and particularity.

In addition to the clear state of the law in Idaho related to community property, Ms. Fleming's own arguments confirm that the portfolio is a community asset. For

---

[1] The California Court of Appeals has explained that despite the language contained in the United States Constitution related to ownership of federally protected intellectual property, the term author "may be construed to include the author's spouse under the principles of co-ownership." *In re Marriage of Worth*, 195 Cal.App.3d 768, 776-777 (1987).

- 3 -

**COUNTERCLAIMANT TOM COVERSTONE'S OPPOSITION TO TERESA A. FLEMING'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**
3:08-cv-00355-WQH-NLS

example, she concedes that she has a community property interest in "<u>any</u> proceeds from the patent portfolio that enter the marital community as a result of the patent portfolio." [Oppo. to Motion for Jurisdictional Discovery, page 4, lines, 24-25]  What she fails to understand is that her interest in the proceeds is based on the fact that the portfolio is a community asset.  In fact, she further admits that if she were to divorce Plaintiff, the court would either award her one-half of the value of the portfolio, or it would award her an undivided one-half interest as tenant-in-common in any and all rights, title and interest. [Oppo. to Motion for Jurisdictional Discovery, page 5, lines, 3-17]  The only assets that are divided at divorce are community assets. *See eg.*, *Larson v. Larson*, 88 P.3d 1210, 1211-1212 (Idaho 2004) ("Unless there are compelling reasons to do otherwise, the court in a divorce action is required to make a substantially equal division in value, considering debts, of the community property between the spouses.").  Thus, the basis of that division at divorce is the portfolio's community nature.[2]

In light of the clear state of the law in Idaho and all of the evidence before this court, there can be no question that the portfolio is a community asset of Plaintiff and Ms. Fleming.  Therefore, jurisdiction is properly exercised over Ms. Fleming.

**B.    Personal Jurisdiction is Properly Founded on the Community Nature of the Portfolio**

Numerous cases have held that it is proper to exercise personal jurisdiction over one spouse where the court has personal jurisdiction over the other spouse based on a contract related to the couple's community property. *See e.g., Essex Engineering Co. V. Credit Vending, Inc.*, 732 F.Supp. 311, 315 (D. Conn. 1990) ("Where a party seeks to join a spouse based on membership in the marital community, the court must consider the issue of agency in light of the legal status given to the community itself under the applicable community property laws.").  This exercise of jurisdiction has been found

---

[2] The issues related to Ms. Fleming's interest in the portfolio and the impending division of the portfolio upon the divorce of Plaintiff and Ms. Fleming are not moot points.  In fact, Plaintiff has also affirmed both points in a separate lawsuit filed by Plaintiff in Idaho to enforce the portfolio's claims against Escort.  [Ex. B: Response to Defendants' Motion to Dismiss, pages 7-9; Request for Judicial Notice]

-4-

1  proper even when the spouse moving to dismiss based on personal jurisdiction had no
2  direct involvement with the contract at issue. *See id* at 315; *Citicapital Comm. Corp. v.
3  BB Acquisition LLC*, 2006 U.S. Dist. LEXIS 87678 at *1-3 (W.D. Wash. 2006).

4      The basis for the exercise of jurisdiction is the agency relationship between the
5  spouses as to the community property.  And in Idaho, the state of Ms. Fleming's
6  residence: "Either the husband or the wife shall have the right to manage and control the
7  community property, and either may bind the community property by contract . . . ."
8  Idaho Code § 32-912.  The courts have explained that one spouse acts on behalf of the
9  other where the conduct is for the benefit of the marital community.  *Essex Engineering
10 Co. v. Credit Vending, Inc.*, 732 F.Supp. at 315.  And the right to control community
11 property set forth in Idaho's code are substantially similar to the right to control set forth
12 in the *Essex* case.  *See id.* at 313.  Here, the potential sale of the patent portfolio has been
13 alleged to be for the benefit of the marital community.  Counterclaim at ¶ 32.  Further,
14 Ms. Fleming has confirmed that the proceeds from the purported sale would have been a
15 community asset.  [Oppo. to Motion for Jurisdictional Discovery, page 4, lines, 24-25]

16     Ms. Fleming seems to ignore the fact that the current dispute is over the proceeds
17 Plaintiff and Ms. Fleming anticipated from the purported sale of the portfolio.  In fact, the
18 only potential recovery that Plaintiff can expect from this suit is proceeds from the
19 portfolio.  Ms. Fleming's admission that she has an interest in those proceeds—as a
20 community asset—is sufficient to establish the necessary personal jurisdiction.

21     In this case, Ms. Fleming will receive a benefit if Plaintiff prevails, but
22 theoretically, Counterclaimant will be unable to obtain complete relief if he successfully
23 defends Plaintiff's claims.  Such a result cannot be allowed.

24     Significantly, the Western District of Washington held that it had personal
25 jurisdiction over an Idaho resident spouse by virtue of an agreement entered into by the
26 other spouse related to the marital community property.  *Citicapital Comm. Corp. v. BB
27 Acquisition LLC*, 2006 U.S. Dist. LEXIS 87678 at *8 (W.D. Wash. 2006).  Because Ms.
28 Fleming is an Idaho resident and because the portfolio is part of the marital community

COUNTERCLAIMANT TOM COVERSTONE'S OPPOSITION TO TERESA A. FLEMING'S MOTION
TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)
3:08-cv-00355-WQH-NLS

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

property, it is proper for this court to exercise personal jurisdiction over Ms. Fleming in this action.

### III. CONCLUSION

Plaintiff chose to initiate this lawsuit in the Southern District of California and to place community property at issue. In so doing, he assented to this court's personal jurisdiction. Because the portfolio at issue is undeniably a community asset, this court should exercise personal jurisdiction over Ms. Fleming based on her community interest in the portfolio and the fact that Plaintiff was acting as her agent as a matter of law with respect to the alleged portfolio sale. Thus, Counterclaimant respectfully requests that this court deny Ms. Fleming's motion.

KLINEDINST PC

DATED: May 12, 2009        By: /s Gregor A. Hensrude
                               Gregor A. Hensrude
                               Attorneys for Defendant/Counterclaimant
                               TOM COVERSTONE

779143v1