1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>　　　　　　Plaintiff,<br>v.<br>TOM COVERSTONE,<br>　　　　　　Defendant. | Civil No. 08cv355 WQH (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO ALLOW COVERSTONE AN ADDITIONAL FOUR HOURS TO DEPOSE HOYT FLEMING**<br><br>[Doc. No. 95] |
| TOM COVERSTONE,<br>　　　　　　Counterclaimant,<br>v.<br>HOYT A. FLEMING,<br>　　　　　　Counterdefendant. | |
| TOM COVERSTONE,<br>　　　　　　Third-Party Plaintiff,<br>v.<br>TERESA A. FLEMING and PARK VAUGHAN FLEMING LLP,<br>　　　　　　Third-Party Defendants. | |

1          On May 8, 2009 counsel for defendant Tom Coverstone took the deposition of plaintiff Hoyt
2   Fleming.  Mr. Fleming was deposed early in the case--even before the Scheduling Order had issued--
3   because Mr. Coverstone wanted to take the deposition in time to oppose Mr. Flemings then-pending
4   motion for summary judgment.  Mr. Coverstone also deposed Mr. Fleming on other issues that would be
5   pending in the case.  Mr. Fleming was deposed for a total of 5 hours and 45 minutes.  After several
6   unsuccessful attempts between counsel to arrange for extra time to finish the Fleming deposition, Mr.
7   Coverstone filed a motion to allow him to depose Mr. Fleming for an additional 2 hours and 45 minutes
8   beyond the presumptive seven-hour limit, for a total of 4 more hours.
9          The Advisory Committee Notes, 2000 Amendment, to Rule 30(d)(1) advise:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.
>
> It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court.
>
> The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent.

16  Mr. Coverstone asserts that good cause exists to grant the extension because several important issues
17  related to Mr. Fleming's allegations still need to be addressed, most significant being the issue of
18  damages.  Specifically, Mr. Coverstone argues: (1) Mr. Fleming has not designated a damages expert, so
19  he will be the only source of information regarding the value of the patents; (2) Mr. Fleming is
20  prosecuting a patent infringement suit that could have an effect on his alleged damages here, and which
21  is new information that came to light after the May 8 deposition; (3) there are significant questions
22  regarding Mr. Fleming's mitigation of damages; (4) Mr. Coverstone needs to investigate the relationship
23  and conversations between Mr. Fleming and third parties in this case; and (5) Mr. Coverstone needs to
24  complete the investigation of the Coverstone-Fleming relationship.
25          Mr. Fleming opposes the motion.  He argues that no good cause exists to ask any more
26  deposition questions because (1) the value of the patents is irrelevant to his damages claim; (2) the
27  patent infringement suit was filed before the May 8 deposition; (3) Mr. Coverstone has already deposed
28  Mr. Fleming on his mitigation efforts; (4) Mr. Coverstone has already deposed Mr. Fleming on his

relationship with the identified third party, Michael Dowler; and (5) Mr. Coverstone has already thoroughly deposed Mr. Fleming on their relationship.[1]

This court finds that Mr. Coverstone has set forth good cause to continue Mr. Fleming's deposition for another four hours. The five areas identified for the continued deposition comport with the requirements of Rule 26(b)(2) so that Mr. Coverstone can achieve a fair examination of Mr. Fleming. The areas are relevant to the claims or defenses in this case, are not unreasonably cumulative or duplicative, Mr. Fleming appears to be the best source for this information, and with the limited addition of 2 hours and 45 minutes beyond the presumptive limit, the burden or expense does not outweigh the likely benefit. This is a discovery issue the parties should have worked out without the court's intervention and without the attorneys fees incurred for arguing this motion.

For good cause shown, the court **GRANTS** Defendant's motion. The continued deposition of Mr. Fleming for an additional four hours shall take place within **30 days** of the issuance of this order and shall take place in **San Diego, California.**

**IT IS SO ORDERED.**

DATED: November 19, 2009

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge

---

[1] Mr. Fleming argues that Judge Stormes has already stated the required elements of "good cause" for deposing a person beyond the presumptive seven hour limit, and cites to *Brooks v. Motsenbocker Advanced Developments, Inc.*, 2008 WL 4480376 (S.D. Cal. 2008). That case, though, is irrelevant here because first, the issue in that case concerned the plaintiff wanting to depose an extra nine third-party witnesses beyond the presumptive ten-person limit before any depositions had actually been taken in a case with limited damages, and second, Mr. Fleming's perception of Judge Stormes "requirement" in *Brooks* was actually a quoted directive from the district judge for extraordinary needs particular to that case. These facts are distinct from the issue here, where the defendant seeks an additional 2 hours and 45 minutes to depose the plaintiff in this case.