# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>TOM COVERSTONE,<br><br>　　　　　　　　　　Defendant. | CASE NO. 08cv355 WQH (NLS)<br><br>**ORDER** |
| TOM COVERSTONE,<br><br>　　　　　　　　　　Counterclaimant,<br>vs.<br>HOYT A. FLEMING; TERESA A. FLEMING; and PARK, VAUGHAN & FLEMING, LLP,<br><br>　　　　　　　　　　Counterdefendants. | |

HAYES, Judge:

　　The matter before the Court is the Motion to Stay Trial filed by Defendant Tom Coverstone. (ECF No. 150).

## BACKGROUND

**I.　　Procedural History**

　　This action concerns a dispute over the sale of a patent portfolio. On February 28, 2008, Hoyt A. Fleming ("Fleming") initiated this action by filing a complaint against Tom

1  Coverstone ("Coverstone").  (ECF No. 1).

2  In March 2009, Fleming filed a separate lawsuit in the Federal District of Idaho alleging
3  patent infringement against Escort, Inc. ("Escort") who is not a party in this case.   On June
4  29, 2009, Escort alleged counterclaims of invalidity and unenforceability of Fleming's patents
5  in the Idaho action.  (ECF No. 151-8 at 20-21).

6  Fleming filed a Second Amended Complaint (ECF No. 29) and on July 29, 2009,
7  Fleming filed his Third Amended Complaint ("TAC"), which is the operative pleading in this
8  case.  (ECF No. 84).  The TAC alleges breach of contract for the sale of Fleming's patents.

9  On August 12, 2009, Coverstone filed his Answer and Counterclaim to Plaintiff's Third
10  Amended Complaint. (ECF No. 86).

11  On June 25, 2010, the parties appeared before the Court for a pretrial conference and
12  the Court set a trial date of January 25, 2011.  (ECF No. 138).

13  On October 14, 2010, Coverstone filed a Motion to Stay Trial.  (ECF No. 150).  On
14  November 1, 2010, Fleming filed an Opposition to Coverstone's Motion to Stay Trial.  (ECF
15  No. 151).  On November 8, 2010, Coverstone filed a Reply.

16  **II.    Contentions**

17  Coverstone moves this Court to "stay and/or continue the trial in this matter for four
18  months to allow the Idaho court to reach its determination on validity and enforceability [of
19  the patents] prior to trying this case."  (ECF No. 150-1 at 2). Coverstone further "requests that
20  in issuing its order, this court set a status conference for May 31, 2011, to revisit the issue and
21  make a determination as to whether a further stay is necessary or whether this case is ready to
22  proceed to trial."  *Id.* at 7-8.

23  Coverstone contends that the issues of invalidity and unenforceability of the patents in
24  this case will be "fully adjudicated" in the Idaho case because the defendant in that case has
25  a filing deadline of February 28, 2011 for a motion for summary judgment and the Idaho court
26  stated in its scheduling order that it would "'make every effort'" to issue a ruling by May 29,
27  2011.  *Id*. at 3 (quoting *Fleming v. Escort, Inc. et al.*, Case No. 09-cv-105-S-BLW, (D. Idaho
28  Aug. 2, 2010) (case management order)).  Coverstone contends that a judicial determination

1  that the patents are invalid or unenforceable in the Idaho case, will provide him a complete
2  defense to the breach of contract claim in this case due to failure of consideration. Coverstone
3  also contends that resolution of the invalidity issue in the Idaho case will simplify the issue of
4  damages in this case and prevent double recovery.

5  Fleming contends that the Motion is untimely and is an improper attempt to avoid trial.
6  Fleming contends that "Coverstone's motion (patent invalidity) seeks to raise an issue that: (1)
7  Coverstone never pled by way of an affirmative defense or counterclaim; (2) the parties never
8  addressed during discovery or expert reports; and (3) forms no part of any issue in the party's
9  recently submitted joint proposed Pre-Trial Order." (ECF No. 151 at 4).

## DISCUSSION

11  "The power to stay proceedings is incidental to the power inherent in every court to
12  control the disposition of the cases on its docket with economy of time and effort for itself, for
13  counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254
14  (1936). The use of this power requires exercise of sound discretion. *Id.* It is necessary to
15  weigh competing interests of those that will be affected by the stay. *Id.* at 254- 255. *See*
16  *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). These competing interests include: (1)
17  "the possible damage that may result from the granting of a stay;" (2) "hardship or inequity
18  that a party may suffer if required to go forward;" and (3) "the orderly course of justice
19  measured in terms of the simplifying or complicating of issues, proof, and questions of law
20  which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110
21  (9th Cir. 2005). The "party requesting a stay bears the burden of showing that the
22  circumstances justify an exercise of that discretion." *Ind. State Police Pension Trust v.*
23  *Chrysler LLC,* __ U.S. __, 129 S. Ct. 2275, 2276 (2009). The moving party "must make out
24  a clear case of hardship or inequity in being required to go forward, if there is even a fair
25  possibility that the stay for which he prays will work damage to someone else." *Landis,* 299
26  U.S. at 255.

27  A court may stay an action pending the resolution of independent proceedings which
28  bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd,* 593 F.2d 857, 863-64 (9th Cir.

1979). However, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court. *Id*. at 864; *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) ("stays should not be indefinite in nature.").

The Idaho case was filed over one year after this case. The date set for completion of discovery in the Idaho case is after the trial in this case. The motion in the Idaho case that Coverstone contends will dispose of this case has not yet been filed and is not due until February 28, 2011, over one month after the trial in this case. Because the motion has not yet been filed, the Court cannot determine whether it actually seeks summary judgment on the validity and enforceabilty of the all of the patents at issue in this case. This case has been pending for nearly three years. The stay requested would further delay trial in favor of waiting resolution of a motion for summary judgment which has not yet been filed in another forum. The Court does not find that "it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864; *see also Dependable Highway Exp., Inc.*, 498 F.3d 1066-67.

## CONCLUSION

**IT IS HEREBY ORDERED** that Coverstone's Motion to Stay Trial (ECF No. 150) is **DENIED**.

DATED: December 1, 2010

**WILLIAM Q. HAYES**
United States District Judge