# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>        Plaintiff,<br>vs.<br>TOM COVERSTONE,<br><br>        Defendant. | CASE NO. 08cv355 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the motions in limine filed by Plaintiff (ECF No. 153) and Defendant (ECF Nos. 154, 155).

**I.  Background**

    On November 22, 2010, Plaintiff filed one motion asserting twenty separate motions in limine in paragraphs numbering one through twenty (ECF No. 153), and Defendants filed two motions in limine (ECF Nos. 154, 155).  On December 6, 2010, the parties filed their responses to the motions in limine.  (ECF Nos. 157-165, 167-170, 174).  On March 11, 2011, the Court heard oral argument on the motions in limine and held a final pretrial conference. This order supplements the rulings made by the Court during the March 11, 2011, hearing.

**II.  Discussion**

    **A.  Unopposed Motions in Limine**

Plaintiff's motions in limine numbers one, three, five, seven, eight, twelve, thirteen, and twenty (ECF No. 153) seek the following:

(1) Plaintiff requests an "order instructing all counsel and witnesses that no person is to mention, testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly, that Plaintiff previously sued Defendant for extortion and/or that the extortion claim was dismissed ...."

(3) Plaintiff requests an "order instructing all counsel and witnesses that no person is to mention, testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly, that Plaintiff previously sued Defendant for defamation and/or that the defamation claim was dismissed ...."

(5) Plaintiff requests an "order instructing all counsel and witnesses that no person is to mention, testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly, that Defendant sued Plaintiff for fraudulent misrepresentation and concealment and/or that the claims have been dismissed ...."

(7) Plaintiff requests an "order instructing all counsel and witnesses that no person is to mention, testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly, that Defendant sued the law firm Park Vaughn and Fleming LLP and/or that the claims were dismissed ...."

(8) Plaintiff requests an "order instructing all counsel and witnesses that no person is to mention, testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly, that Defendant sued Teresa Fleming and/or that the claim was dismissed ...."

(12) Plaintiff requests an "order precluding the admission of trial testimony of Plaintiff's prospective expert witness Ellen R. Peck, Esq., ..."

(13) Plaintiff requests an "order precluding the admission of trial testimony of Plaintiff's prospective expert witness Robert Mills ...."

(20) Plaintiff requests an "order instructing all counsel and witnesses that no person

1         is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
2         directly or indirectly, that Plaintiff filed this motion [Plaintiff's Motions in
3         Limine (ECF No. 153)] seeking to exclude certain facts, opinions, and
4         allegations from the jury ...."

5 (ECF No. 153-1).

6       Plaintiff's motions in limine numbers one, three, five, seven, eight, twelve, thirteen, and
7 twenty (ECF No. 153) were not opposed. Plaintiff's motions in limine numbers one, three,
8 five, seven, eight, twelve, thirteen, and twenty (ECF No. 153) are granted.

9       **B.**     **Plaintiff's Motions In Limine**

10     (2)     Plaintiff requests an "order instructing all counsel and witnesses that no person
11         is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
12         directly or indirectly, that Defendant made threats to Plaintiff that Defendant
13         would perform actions harmful to Plaintiff's reputation unless Plaintiff paid
14         Defendant $10,000 ...."

15 (ECF No. 153-1 at 6).

16      Defendant contends that "he made no such threats." (ECF No. 157). At oral argument
17 on the motions in limine, Defendant's counsel stated that he did not oppose this motion in
18 limine because his client did not make such a statement. Plaintiff's motion in limine number
19 two is granted.

20     (4)     Plaintiff requests an "order instructing all counsel and witnesses that no person
21         is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
22         directly or indirectly, that Defendant published or had published statements
23         critical of Plaintiff, including but not limited to, statements that Plaintiff
24         misrepresented facts and concealed facts ...."

25 (ECF No. 153-1 at 6-7).

26       Plaintiff contends that such evidence is "irrelevant to the breach of contract issue to be
27 tried in this action, is unfairly prejudicial to Plaintiff, presents confusion of the issues, is
28 misleading to the jury, and is a waste of time to the Court and the jury." *Id*. at 6 (citing Fed.

R. Evid. 402 and 403).

Defendant contends that the motion in limine fails to identify what evidence Plaintiff seeks to exclude and a "broad prohibition is unjustified." (ECF No. 158 at 1).

Defendant has asserted the affirmative defense of fraud in the inducement in this case. The Court concludes that this motion in limine may preclude relevant evidence related to Defendant's affirmative defense of fraud in the inducement. Plaintiff's motion in limine is denied without prejudice to object to specific evidence as it is presented at trial.

> (6) Plaintiff requests an "order instructing all counsel and witnesses that no person is to mention, testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly, the occurrence of any alleged fraud, misrepresentation of any fact, concealment of any fact, malpractice claim, and/or claim of breach of any duty by Plaintiff, by the law firm Park Vaughn and Fleming LLP, or by Michael Dowler ...."

(ECF No. 153-1 at 7).

Plaintiff contends that such evidence is "irrelevant to the breach of contract issue to be tried in this action, is unfairly prejudicial to Plaintiff, presents confusion of the issues, is misleading to the jury, and is a waste of time to the Court and the jury." *Id*. at 7 (citing Fed. R. Evid. 402 and 403).

Defendant does not oppose the motion in limine as it relates to the law firm of Park, Vaughn and Fleming. However, Defendant contends that "such evidence as it pertains to Fleming and Michael Dowler is certainly relevant to Coverstone's defense of this action and is in no way unduly prejudicial." (ECF No. 159 at 1).

Plaintiff's motion in limine six is granted with regard to the law firm of Park, Vaughn and Fleming. The motion is denied in all other respects without prejudice to object to specific evidence as it is presented at trial. The Court will hear argument regarding objections to the introduction of deposition testimony from Michael Dowler prior to the introduction of such testimony at trial.

> (9) Plaintiff requests an "order instructing all counsel and witnesses that no person

|   |   |
|---|---|
| 1 | is to mention, testify, interrogate, or attempt to convey or suggest to the jury, |
| 2 | directly or indirectly, that Plaintiff was ever engaged as an attorney for |
| 3 | Defendant, Guardian Media Technologies, GMT Management Company or any |
| 4 | other entity associated with Defendant ...." |

(ECF No. 153-1 at 10).

Plaintiff contends that such evidence is "irrelevant to the breach of contract issue to be tried in this action, is unfairly prejudicial to Plaintiff, presents confusion of the issues, is misleading to the jury, and is a waste of time to the Court and the jury." *Id.* (citing Fed. R. Evid. 402 and 403).

Defendant contends that evidence concerning Plaintiff's legal engagement as attorney for Defendant is "highly relevant and probative to a number of Defendant Tom Coverstone's defenses ... not the least of which being disproving Fleming's claim that the January 22, 2008 emails actually constituted a binding contract without further documentation." (ECF No. 165 at 1). Defendant contends that the email dated January 22, 2008, which Plaintiff alleges formed a contract between Fleming and Coverstone, contained Plaintiff's offer to perform legal services for Defendant. Defendant contends that Fleming testified that only the portion of the email which relates to the alleged contract was binding and the portion of the email relating to legal representation was not binding until there was a written agreement that followed. Defendant Coverstone contends that this explanation by Plaintiff Fleming undermines his assertion that a legally binding contract was entered into between the parties on January 22, 2008.

Plaintiff's motion in limine is denied without prejudice to object to specific evidence as it is presented at trial.

(10)  Plaintiff requests an "order instructing all counsel and witnesses that no person is to mention, testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly, that (1) Defendant or Defendant's companies sued Mike Dowler or (2) that Defendant or Defendant's companies were involved in a lawsuit and/or arbitration with Mike Dowler and/or (3) that the action was

1          settled ...."
2  (ECF No. 153-1 at 10).
3          To the extent Plaintiff seeks to "introduce evidence of statements made about or during
4  the litigation, or press regarding that litigation, Coverstone opposes that request for he will
5  need to rebut that evidence by reference to, and theoretically explanation of, the lawsuit."
6  (ECF No. 160).  The Court will hear argument regarding objections to the introduction of
7  deposition testimony from Michael Dowler prior to the introduction of such testimony at trial.
8  Plaintiff's motion in limine is denied without prejudice to object to specific evidence as it is
9  presented at trial.

10         (11)    Plaintiff requests an "order instructing all counsel and witnesses that no person
11                 is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
12                 directly or indirectly, any information regarding any of Plaintiff's income tax
13                 plans, anticipated deductions, and/or alleged illegal tax plan, in association with
14                 the January 22, 2008 purchase agreement, and/or Defendant's asserted January
15                 22, 2008 option to purchase agreement ...."
16 (ECF No. 153-1 at 10-11).
17         The Court finds that the information Plaintiff seeks to exclude in this motion in limine
18 may be relevant to the contract formation issues in this case.  Plaintiff's motion in limine is
19 denied without prejudice to object to specific evidence as it is presented at trial.

20         (14)    Plaintiff requests an "order precluding the admission of trial testimony of
21                 Defendant as to any opinion providing expert testimony covered by Rule 702 of
22                 the Federal Rules of Evidence ...."
23 (ECF No. 153-1 at 14-15).
24         Plaintiff contends that Coverstone was not disclosed as an expert and he has not been
25 not shown to be qualified as an expert.  Defendant contends that Coverstone should be
26 permitted to offer any opinion testimony based on his perceptions and experiences because he
27 is a party and lay witness in this case.  (ECF No. 168).
28         Defendant's expert disclosure dated August 19, 2009, states, "Coverstone, who is a

1 party and not a designated expert in this action, does possess expertise relating to the
2 performance of due diligence on patents, and related issues in connection with the purchase
3 and sale of patents. Mr. Coverstone may testify as to those areas at trial." (153-3 at 2). The
4 Court finds that Coverstone was not designated as an expert. Plaintiff's motion in limine
5 precluding Coverstone from offering expert testimony pursuant to Federal Rule of Evidence
6 702 is granted.

7     (15)    Plaintiff requests an "order instructing all counsel and witnesses that no person
8 is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
9 directly or indirectly, that the January 22, 2008 purchase agreement, or as
10 asserted by Defendant, January 22, 2008 option to purchase agreement,
11 contained any conditions precedent ...."

12 (ECF No. 153-1 at 15).

13     At oral argument Defense counsel stated that he did not object to this Motion in limine.
14 Plaintiff's motion in limine is granted.

15     (16)    Plaintiff requests an "order instructing all counsel and witnesses that no person
16 is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
17 directly or indirectly, any information regarding the case *Fleming v. Escort, Inc.*
18 *and Beltronics USA, Inc.*, CV-09-105-S-BLW, United States District Court,
19 District of Idaho, including the case's existence, any of the pleadings,
20 submissions, filing, motions, memorandums, affidavits, discovery, depositions,
21 damages or awards that may be obtained, and orders from the Idaho District
22 Case ...."

23 (ECF No. 153-1 at 16).

24     Plaintiff contends that whether Fleming has sued others for patent infringement is
25 irrelevant to this case. Plaintiff contends that introduction of information relating to the Idaho
26 case would "invite improper speculation by the Jury." *Id*. at 17. Plaintiff contends that what
27 he later decides to do regarding enforcement of his patents, is irrelevant to damages from the
28 breach of contract on February 15, 2008.

1   Defendant contends that "Fleming seeks to argue that his patent family is valueless, and
2 then exclude the fact that he is using that same patent family to claim damages in *Fleming v.*
3 *Escort*, despite his own testimony that such activities are likely to yield him 'greatly in excess
4 of a million dollars.'" (ECF No. 162 at 1). Defendant contends that "the fact that [Fleming]
5 is not litigating against other entities [Fleming] believes may infringe is important to contrast
6 with the *Fleming v. Escort* matter to demonstrate Fleming's abject failure to mitigate." *Id*.
7 Defendant also contends that Fleming has testified that he expects to receive royalties in excess
8 of $1 million against Escort, "is extremely probative of his damages, or lack thereof, in this
9 case." *Id.* at 3.

10   Plaintiff's motion in limine is denied without prejudice to object to specific evidence
11 as it is presented at trial. Prior to referencing or eliciting evidence of *Fleming v. Escort, Inc.*
12 *and Beltronics USA, Inc*., CV-09-105-S-BLW, United States District Court, District of Idaho,
13 a party shall bring the matter to the Court's attention outside the presence of the jury.

14   (17)   Plaintiff requests an "order instructing all counsel and witnesses that no person
15             is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
16             directly or indirectly, that Plaintiff's patents, or any claims therein, are invalid
17             and/or unenforceable ...."

18   At oral argument on the motions in limine Defendant's counsel stated Coverstone's
19 testimony would be limited to his concerns of invalidity and that he did not oppose this motion
20 in limine. Plaintiff's motion in limine is granted.

21   (18)   Plaintiff requests an "order instructing all counsel and witnesses that no person
22             is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
23             directly or indirectly, that the contract is (a) lacking in mutuality or (b) that no
24             enforceable contract was formed because neither Vineyard Boise nor Teresa
25             Fleming agreed to assume duties allegedly set forth in the January 22, 2008
26             email exchange ...."
27 (ECF No. 153-1 at 21).
28   Plaintiff contends that "Defendant should be precluded because Defendant did not

1 include such a defense in his answer and any attempt to do so not is too late. *Id*. (citing Fed.
2 R. Civ. P. 8(c), 12(b)). Defendant contends that he should be permitted to introduce evidence
3 and argument on these issues because "(1) the issue[s] with Teresa Fleming and Vineyard
4 Boise were raised in a pre-answer motion and (2) these issues equate to a failure to state a
5 claim which may be raised for the first time at trial." (ECF No. 170 at 1).

6       The Court will hear argument regarding objections to the introduction of deposition
7 testimony from Jim Boyd and Teresa Fleming prior to the introduction of such testimony at
8 trial. Plaintiff's motion in limine is denied without prejudice to object to specific evidence as
9 it is presented at trial.

10       (19)    Plaintiff requests an "order instructing all counsel and witnesses that no person
11               is to mention, testify, interrogate, or attempt to convey or suggest to the jury,
12               directly or indirectly, that no contract was formed because Defendant was
13               mistaken about a fact ...."
14 (ECF No. 153-1 at 21).

15       Plaintiff contends that "Defendant should be precluded because Defendant did not
16 include such a defense in his answer and any attempt to do so now is too late." *Id*. (citing Fed.
17 R. Civ. P. 8(c), 12(b)).

18       Defendant contends that he asserted the factual basis for mistake of fact in his
19 affirmative defense of fraud in the inducement and his counterclaims for fraudulent
20 misrepresentation and fraudulent concealment. In addition, on May 12, 2009, Coverstone filed
21 an Opposition to Plaintiff's Motion for Summary Judgment which asserted that, "the fact that
22 Plaintiff admitted it was not accurate in his e-mail presented reasonable grounds to excuse
23 Coverstone for not performing pursuant to the doctrine of mutual mistake." (ECF No. 69 at
24 15 n.8) (citation omitted).

25       Federal Rule of Civil Procedure 8 provides that "[i]n responding to a pleading, a party
26 must affirmatively state any avoidance or affirmative defense ..." Fed. R. Civ. P. 8(c).
27 However, the Ninth Circuit has "liberalized the requirement that defendants must raise
28 affirmative defenses in their initial pleadings." *Owens v. Kaiser Foundation Health Plan, Inc.*,

1  244 F.3d 708, 713 (9th Cir. 2001) (allowing an affirmative defense to be raised for the first
2  time in a motion for judgment on the pleadings because there was no prejudice to plaintiff).
3  The Ninth Circuit explains: "Although Rule 8 requires affirmative defenses to be included in
4  responsive pleadings, absent prejudice to the plaintiff, the district court has discretion to allow
5  a defendant to plead an affirmative defense in a subsequent motion." *Simmons v. Navajo*
6  *County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Ledo Fin. Corp. v. Summers*, 122
7  F.3d 825, 827 (9th Cir. 1997); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984); *Healy*
8  *Tibbitts Construction Co. v. Ins. Co. of N.A.*, 679 F.2d 803 (9th Cir. 1982)).  "The key to
9  determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair
10 notice of the defense." *Id.* (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.
11 1979)); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (finding
12 that plaintiffs could not assert with a theory of liability in a motion for summary judgment
13 which was not raised in the complaint because defendant would be prejudiced in that the new
14 theory "require[d] that the defendant develop entirely different defenses.").

15 The Court finds that Plaintiff is not prejudiced by Coverstone's assertion of the
16 affirmative defense of mistake of fact.  Plaintiff was provided fair notice of the affirmative
17 defense because the defense was raised in Defendant's Opposition to Plaintiff's Motion for
18 Summary Judgment (ECF No. 69 at 15 n.8), and the factual basis for the affirmative defense
19 was contained in the Answer (ECF No. 86).  Plaintiff's motion in limine is denied without
20 prejudice to object to specific evidence as it is presented at trial.

21       **C.**    **Defendant's Motions In Limine**

22 Defendant's first motion in limine (ECF No. 154) seeks an "order instructing all parties,
23 their counsel, and witnesses that evidence concerning Coverstone's alleged attempts to
24 frustrate Fleming's ability to sell the portfolio is not admissible."  (ECF No. 154 at 2).

25 Defendant contends that Fleming made no attempts to sell his patent following the
26 alleged publicity.

27 Plaintiff contends that Coverstone's motion "is simply an attempt to block [Fleming]
28 from providing relevant evidence to the jury which tends to show the unavailability of a market

for his patent portfolio following Coverstone's breach of contract to purchase the patent portfolio on February 15, 2008." (ECF No. 163 at 1). At oral argument Plaintiff identified exhibits 46 and 47 which he contended was evidence that there was no market for his patent portfolio. Exhibit 46 is a highly redacted article on law.com that states, "Coverstone made a $10,000 wire transfer to Fleming as earnest money. Coverstone, the plaintiffs allege, then investigated the patent, 'unfortunately learning that the patent actually had little to no value.' Coverstone then backed out of the deal." Exhibit 47 is a second highly redacted article from law.com which contains the caption from a suit filed in Texas state court and states, "Coverstone on behalf of Guardian thereafter made his own inquiry as to the value of the patent, unfortunately learning that the patent actually had little to no value." Plaintiff contends that he will offer testimony that the publication of these articles affected his belief that there was not a market for the sale of his patent portfolio.

Defendant's first motion in limine (ECF No. 154) is denied without prejudice to object to specific evidence as it is presented at trial. Prior to referencing or eliciting evidence of a complaint filed in Texas state court, or any articles from the website www.law.com, a party shall bring the matter to the Court's attention outside the presence of the jury.

Defendant's second motion in limine (ECF No. 155) seeks an "order instructing all parties, their counsel, and witnesses that evidence of specific alleged acts, in particular Coverstone's litigation history and alleged failure to pay the lawyer involved in that litigation, are not admissible." (ECF No. 155 at 1).

At oral argument Plaintiff stated that he did not oppose this motion in limine. Defendant's second motion in limine (ECF No. 155) is granted.

### III. Conclusion

IT IS HEREBY ORDERED:

(1) Plaintiff's motions in limine numbers one, two, three, five, seven, eight, twelve, thirteen, fifteen, seventeen, and twenty (ECF No. 153) are granted.

(2) Plaintiff's motion in limine (ECF No. 153) number four is denied without prejudice to object to specific evidence as it is presented at trial. Plaintiff's

        motion in limine number six is granted with regard to the law firm of Park, Vaughn and Fleming and denied in all other respects without prejudice to object to specific evidence as it is presented at trial.  Plaintiff's motions in limine numbers nine, ten, and eleven are denied without prejudice to object to specific evidence as it is presented at trial.  Plaintiff's motion in limine numbers fourteen and fifteen are granted.  Plaintiff's motion in limine number sixteen is denied without prejudice to object to specific evidence as it is presented at trial.  Prior to referencing or eliciting evidence of *Fleming v. Escort, Inc. and Beltronics USA, Inc*., CV-09-105-S-BLW, United States District Court, District of Idaho, a party shall bring the matter to the Court's attention outside the presence of the jury.  Plaintiff's motion in limine number seventeen is granted.  Plaintiff's motions in limine numbers eighteen and nineteen are denied without prejudice to object to specific evidence as it is presented at trial.

(3)    Defendant's first motion in limine (ECF No. 154) is denied without prejudice to object to specific evidence as it is presented at trial.  Prior to referencing or eliciting evidence of a complaint filed in Texas state court, or any articles from the website www.law.com, a party shall bring the matter to the Court's attention outside the presence of the jury.

(4)    Defendant's second motion in limine (ECF No. 155) is granted.

DATED:  March 14, 2011

                                          *William Q. Hayes*
                                **WILLIAM Q. HAYES**
                                United States District Judge