1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

HOYT A. FLEMING,

                     Plaintiff,

   vs.

TOM COVERSTONE,

                    Defendant.

CASE NO. 08cv355 WQH (NLS)

**JURY INSTRUCTIONS**

08cv355 WQH (NLS)

**Instruction Number 1**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## Instruction Number 2

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction Number 3**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

**Instruction Number 4**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction Number 5**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction Number 6**

Some evidence may be admitted for a limited purpose only.

When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Instruction Number 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Instruction Number 8**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Instruction Number 9**

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1.      Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2.      If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

**Instruction Number 10**

A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

**Instruction Number 11**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Instruction Number 12**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction Number 13**

This is an action for breach of contract filed by Plaintiff Hoyt A. Fleming against Defendant Tom Coverstone. Plaintiff Hoyt A. Fleming claims that he and Defendant Tom Coverstone entered into a written contract in which Plaintiff Hoyt A. Fleming agreed to sell and Defendant Tom Coverstone agreed to purchase a family of Plaintiff Hoyt A. Fleming's patents and patent applications for one million dollars. Plaintiff Hoyt A. Fleming claims that Defendant Tom Coverstone breached this contract. Plaintiff Hoyt A. Fleming also claims that Defendant Tom Coverstone's breach of this contract caused harm to Plaintiff Hoyt A. Fleming.

Defendant Tom Coverstone disputes that the he ever agreed to purchase the patents at issue. Defendant Tom Coverstone contends that he agreed to an option to purchase the patents. Defendant Tom Coverstone contends that Plaintiff Hoyt A. Fleming made misrepresentations about the patents. Finally, Defendant Tom Coverstone contends that Plaintiff Hoyt A. Fleming has not been harmed.

**Instruction Number 14**

Plaintiff Hoyt A. Fleming claims that the parties entered into a contract to purchase Plaintiff's patents and patent applications. To prove that the contract was created, Plaintiff Hoyt A. Fleming must prove all of the following elements by a preponderance of the evidence:

    1.    That the contract terms were clear enough that the parties could understand what each was required to do;

    2.    That the parties agreed to give each other something of value. A promise to do something may have value; and

    3.    That the parties agreed to the terms of the contract to purchase Plaintiff's patents and patent applications.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Plaintiff Hoyt A. Fleming did not prove all of the elements above, then the contract was not created.

**Instruction Number 15**

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

**Instruction Number 16**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

**Instruction Number 17**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**Instruction Number 18**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

**Instruction Number 19**

In determining the meaning of a term of the contract, you must first consider all of the other instructions that I have given you. If, after considering these instructions, you still cannot agree on the meaning of the term, then you should interpret the contract term against the party that drafted the term.

**Instruction Number 20**

Defendant Tom Coverstone claims that no contract to purchase Plaintiff's patents and patent applications was created because both parties were mistaken that a specific Uniden patent application had been rejected because of claims made in Plaintiff Hoyt A. Fleming's patent portfolio. To succeed, Defendant Tom Coverstone must prove the following elements by a preponderance of the evidence:

1.      That both parties were mistaken that a specific Uniden patent application had been rejected because of claims made in Plaintiff Hoyt A. Fleming's patent portfolio; and

2.      That Defendant Tom Coverstone would not have agreed to enter into this contract if he had known about the mistake.

If you decide that Defendant Tom Coverstone has proven both of the elements above, then no contract was created.

## Instruction Number 21

Defendant Tom Coverstone claims that no contract to purchase Plaintiff's patents and patent applications was created because his consent was obtained by fraud. To succeed, Defendant Tom Coverstone must prove all of the following elements by a preponderance of the evidence:

1.     That Plaintiff Hoyt A. Fleming represented that a specific Uniden patent application had been rejected because of claims made in Plaintiff Hoyt A. Fleming's patent portfolio;

2.     That Plaintiff Hoyt A. Fleming knew that the representation was not true or that Plaintiff Hoyt A. Fleming had no reasonable grounds for believing the representation was true;

3.     That Plaintiff Hoyt A. Fleming made the representation to persuade Defendant Tom Coverstone to agree to the contract;

4.     That Defendant Tom Coverstone reasonably relied on this representation; and

5.     That Defendant Tom Coverstone would not have entered into the contract if he had known that the representation was not true.

If you decide that Defendant Tom Coverstone has proved all of the elements above, then no contract was created.

**Instruction Number 22**

To recover damages from Defendant Tom Coverstone for breach of contract, Plaintiff Hoyt A. Fleming must prove all of the following elements by a preponderance of the evidence:

1.    That Plaintiff Hoyt A. Fleming and Defendant Tom Coverstone entered into a contract to purchase Plaintiff's patents and patent applications;

2.    That Plaintiff Hoyt A. Fleming did all, or substantially all, of the significant things that the contract required him to do or that he was excused from doing those things;

3.    That Defendant Tom Coverstone failed to do something that the contract required him to do; and

4.    That Plaintiff Hoyt A. Fleming was harmed by that failure.

**Instruction Number 23**

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that he or she will not meet the requirements of the contract.

If Plaintiff Hoyt A. Fleming proves that Fleming would have been able to fulfill the terms of the contract and that Defendant Tom Coverstone clearly and positively indicated, by words or conduct, that Coverstone would not meet the contract requirements, then Defendant Tom Coverstone breached the contract.

## Instruction Number 24

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff Hoyt A. Fleming on the claim for breach of contract, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Hoyt A. Fleming for the harm caused by the breach.

To recover damages for any harm, Plaintiff Hoyt A. Fleming must prove:

1. That the harm was likely to arise in the ordinary course of events from the breach of the contract; or
2. That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

In determining the measure of damages, you should consider the difference between the amount that Plaintiff Hoyt A. Fleming was due under the contract and the present value of the patents and the patent applications to the Plaintiff.  The purpose of such  damages is to put Plaintiff Hoyt A. Fleming in as good a position as he would have been in if Defendant Tom Coverstone had performed as promised.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  It is for you to determine what damages, if any, have been proved.

**Instruction Number 25**

If Defendant Tom Coverstone breached the contract and the breach caused harm, Plaintiff Hoyt A. Fleming is not entitled to recover damages for harm that Defendant Tom Coverstone proves by a preponderance of the evidence Plaintiff Hoyt A. Fleming could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Plaintiff Hoyt A. Fleming's efforts in light of the circumstances facing him at the time, including his ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiff Hoyt A. Fleming made reasonable efforts to avoid harm, then your award should include reasonable amounts that he spent for this purpose.

**Instruction Number 26**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

## Instruction Number 27

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction Number 28**

If you have taken notes during the trial you may take your notebooks with you into the jury room.

You may use your notes only to help you remember what happened during the trial. Your independent recollection of the evidence should govern your verdict. You should not allow yourself to be influenced by the notes of other jurors if those notes differ from what you remember.

At the end of the trial, your notes will be collected and destroyed.

**Instruction Number 29**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Instruction Number 30**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.