# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT A. FLEMING,<br><br>  Plaintiff,<br>vs.<br>TOM COVERSTONE,<br><br>  Defendant. | CASE NO. 08cv355 WQH (NLS)<br><br>**ORDER** |
| TOM COVERSTONE,<br><br>  Counterclaimant,<br>vs.<br>HOYT A. FLEMING; TERESA A. FLEMING; and PARK, VAUGHAN & FLEMING, LLP,<br><br>  Counterdefendants. | |

HAYES, Judge:

The matters before the Court are the Motion For Sanctions (ECF No. 227) and the Motion for Court's Review of Order Taxing Costs (ECF No. 231) filed by Plaintiff Hoyt A. Fleming.

## I.   Background

This action concerned a dispute over the sale of a Plaintiff's patent portfolio to Defendant. On February 28, 2008, Hoyt A. Fleming ("Fleming") initiated this action by filing a complaint against Tom Coverstone ("Coverstone"). (ECF No. 1). On October 21, 2008, Fleming filed his Second Amended Complaint ("SAC"). (ECF No. 29). On March 18, 2009,

1  the Court granted Coverstone's Motion to Strike pursuant to California's anti-SLAPP
2  (Strategic Litigation Against Public Participation) statute and struck the SAC's cause of action
3  for extortion. (ECF No. 47). In the same order, the Court also denied Coverstone's Motion
4  to Dismiss the SAC's cause of action for breach of contract, holding that the cause of action
5  stated a claim. *Id.*

6  On April 20, 2009, Coverstone filed a First Amended Answer to Plaintiff's Second
7  Amended Complaint which included counterclaims against Fleming for fraudulent
8  misrepresentation and fraudulent concealment. (ECF No. 58). On June 25, 2009, the Court
9  denied Fleming's Motion for Partial Summary Judgment seeking summary judgment on the
10 grounds that emails exchanged on January 22, 2008 between Fleming and Coverstone
11 constitute a valid contract. (ECF No. 77).

12 On July 28, 2009, the Court granted Fleming's Motion for Leave to File Third Amended
13 Complaint ("TAC"). (ECF No. 83). On July 29, 2009, Fleming filed his TAC, which became
14 the operative pleading in this case. (ECF No. 84). The TAC asserted one claim for breach of
15 contract. Plaintiff alleged that he agreed to sell and Coverstone agreed to purchase U.S. Patent
16 No. 6,204,798, Reissued Patent No. 039,038, Patent Application No. 11/196,841, and Patent
17 Application No. 11/924,352. *Id.* The TAC alleged that Fleming sent an email to Coverstone
18 on January 22, 2008 ("Plaintiff's January 22 email"), which stated:

19  Tom,

20  This email confirms that I have agreed to sell and that you have agreed to purchase U.S. Patent No. 6,204,798, which has been reissued, Reissue
21  Patent No. 039,038, Patent Application No. U.S. Patent No. 11/196,841, and Patent Application No. 11/924,352. The purchase price for the
22  above patents and applications is one million dollars.

23  You and I will strive to close the sale by February 1, 2008. However, you and I will close the sale by February 15, 2008.
24

25  Both you and I understand that I will assign a 10% interest in the above patents and applications to Vineyard Boise, a church in Boise, Idaho,
    and that Vineyard Boise will then assign its 10% interest to you, or an
26  entity that you designate. I will assign my 90% interest directly to you, or an entity that you designate. You will then immediately pay me
27  $900,000 and you will then immediately pay Vineyard Boise $100,000.

28  You and I agree that you and/or your attorneys will draft the necessary agreements.

> You agree to wire me ten thousand dollars tomorrow as a deposit on the purchase price. This deposit will not be refunded if the above sale is not completed by February 15, 2008. I agree to work with you and your attorneys to close the sale by February 15, 2008.
>
> If you desire my assistance on matters relating to the above patents and/or applications, you may retain me through my firm, Park, Vaughan, and Fleming. My hourly rate is $425 for non-testifying services, and $850 for testifying services.
>
> If you agree to the above, then please confirm via email.
>
> Thank you,
> Hoyt Fleming

*Id.* at 2-3. The TAC alleged that Coverstone responded via an email which contained the text of Fleming's email and stated:

> Hoyt,
>
> Agreed.
>
> I will wire the $10,000.00 tomorrow to your account.
>
> As we discussed on the phone just now, your wife Teresa will sign the assignment documents or whatever is needed . . . .
>
> Best regards,
> Tom

*Id.* at 3. The TAC alleged that this email exchange ("the January 22 emails") constituted a binding and enforceable contract. *Id.* at 4. The TAC alleged that Coverstone wired $10,000 to Plaintiff's bank account on January 23, 2008. *Id.*

On August 12, 2009, Coverstone filed his Answer and Counterclaim to Plaintiff's Third Amended Complaint containing the same counterclaims as previous asserted. (ECF No. 86). Defendant asserted claims of fraudulent misrepresentation and fraudulent concealment alleging that Plaintiff told Defendant certain competitors were unable to obtain patents on their GPS-enabled radar detector due to Plaintiff's patent portfolio although that claim was not true. On December 7, 2009, the Court denied Coverstone's Motion for Summary Judgment. (ECF No. 101).

On December 21, 2009, Fleming filed a Motion for Summary Judgment on Defendant's Counterclaims. (ECF No. 110). On January 8, 2010, Coverstone filed a Motion for Summary Judgment. (ECF No. 117).

1   On June 17, 2010, this Court granted Plaintiff's Motion for Summary Judgment that
2 Defendant did not have standing to assert counterclaims for fraudulent misrepresentation and
3 fraudulent concealment on the grounds that Coverstone had assigned his rights under any
4 contract to GMT, a corporation.  The Court held: "Regardless of whether Coverstone was
5 initially acting on behalf of GMT or subsequently assigned his rights to GMT, the parties do
6 not dispute that by the time Coverstone made the $10,000 payment, he was acting on GMT's
7 behalf.... Under California law, Coverstone lacks standing to recover for injuries to GMT
8 because GMT is a separate legal entity."  (ECF No. 133 at 14) (citing *Kruse v. Bank of*
9 *America*, 202 Cal. App. 3d 38, 65 (1988)).   The Court also found that Coverstone could not
10 sue to redress damages to GMT stating: "any damages for fraudulent concealment by Fleming
11 regarding the patents would result in detriment to GMT and not to Coverstone." *Id*. at 16.

12   From March 15 through March 22, 2011, a jury trial was held.  A unanimous jury
13 returned a verdict that Plaintiff Fleming and Defendant Coverstone did not enter into a contract
14 to purchase Plaintiff's patents and patent applications. (ECF No. 215).  Because Plaintiff did
15 not succeed on his claim, the jury did not reach the affirmative defenses. On March 29, 2011,
16 Final Judgment was entered for Defendant Coverstone against Plaintiff Fleming on the
17 Complaint.  (ECF No. 223).

18   On April 6, 2011, Defendant Coverstone submitted an Application to Clerk to Tax
19 Costs.  (ECF No. 224).  On April 22, 2011, Plaintiff Fleming filed an Opposition. (ECF No.
20 226).

21   On April 25, 2011, Plaintiff Fleming filed the Motion For Sanctions Including: A New
22 Trial; Relief From the Judgment; and Relief From the Order Denying Plaintiff's Motion for
23 Partial Summary Judgment.  (ECF No. 227).

24   On April 28, 2011, the Clerk of the Court entered the Order Taxing Costs in favor of
25 Defendant in the amount of $16,352.74.  (ECF No. 230).  On May 4, 2011, Plaintiff Fleming
26 filed the Motion for Court's Review of Order Taxing Costs.  (ECF No. 231).

27   On May 15, 2011, Defendant Coverstone filed Oppositions to Plaintiff's Motion for
28 Sanctions and Motion for Court's Review of Order Taxing Costs.  (ECF Nos. 236-37).  On

May 23, 2011, Plaintiff filed Replies. (ECF Nos. 237-38).

## II. Motion For Court's Review of Order Taxing Costs

Plaintiff contends that this Court should deny costs on the grounds that this case involves a mixed judgment and there is no prevailing party. Plaintiff contends that he was the prevailing party on Defendant's counterclaims for fraudulent misrepresentation and fraudulent concealment.

Defendant contends that he was "unquestionably the prevailing party" on the grounds that he "successfully defended a $[8]90,000 [as requested in the complaint] (or $740,000 [as requested at trial]) breach of contract claim on the merits, before a jury, after 37 months of litigation, and Fleming temporarily defended a $10,000 counterclaim for return of the option payment ...." (ECF No. 236 at 1).

Federal Rule of Civil Procedure 54 provides that, "[u]nless ... a court order provides otherwise, costs ... should be allowed to the prevailing party.... The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1); *see also* S.D. Cal. L.R. 54.1(h) (same). Rule 54 "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

"Courts consistently confirm that '[a] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725, 741 (9th Cir. 2009) (quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977)). "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (citing *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996)). It is not necessary for a party to prevail on all of its claims to be found the prevailing party. *San Diego Police Officers' Ass'n*, 568 F.3d at 741 (citation omitted). The Local Civil Rule 54.1(f) provides: "If each side recovers in part, ordinarily the party recovering the larger sum will be considered the

prevailing party. The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)." Civ. L.R. 54.1(f). "[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley*, 178 F.3d at 1079 (citation omitted).

In this case, a jury verdict was rendered in favor of Defendant on Plaintiff's claim for breach of contract, which was Plaintiff's only claim in this case. Plaintiff had sought to recover $890,000 plus interest on this claim in his TAC. Although Plaintiff was awarded summary judgment on Defendant's counterclaims for fraudulent misrepresentation and fraudulent concealment, judgment was based on Defendant Coverstone's lack of standing to assert the claims on behalf of a separate legal entity. The Court finds that Defendant is the prevailing party in this case. *See San Diego Police Officers' Ass'n*, 568 F.3d at 741; Civ. L.R. 54.1(f). The Court finds that Plaintiff has failed to demonstrate that costs should not be awarded in this case. The Motion for Court's Review of Order Taxing Costs (ECF No. 231) filed by Plaintiff Hoyt A. Fleming is DENIED.

### III. Motion for Sanctions

Plaintiff moves the Court to void and amend the final judgment in this case; strike the affidavit submitted by Defendant along with his Opposition to Plaintiff's Motion for Summary Judgment; grant Plaintiff's Motion for Summary Judgment on the issue of breach of contract nunc pro tunc; hold Defendant in contempt; order Defendant to pay reasonable expenses; and order a new trial on the issues of damages and Defendant's affirmative defenses. Plaintiff contends that Defendant submitted a sham affidavit in support of his Opposition to Plaintiff's Motion for Summary Judgment on the grounds that the affidavit stated that Defendant believed the January 22, 2008 email exchange created an option agreement and at trial Defendant testified that he believed the email exchange did not create an option agreement. Plaintiff contends that the Court may award sanctions pursuant to Federal Rule of Civil Procedure 56(h) and requests relief from final judgment due to fraud and misconduct pursuant to Federal Rule of Civil Procedure 60 and a new trial pursuant to Federal Rule of Civil Procedure 59.

Defendant contends that his affidavit in support of his Opposition to Plaintiff's Motion

for Summary Judgment was not submitted in bad faith and his "testimony concerning the agreement between himself and Fleming has been consistent throughout the entirety of this litigation–Coverstone thought they reached an informal agreement on an option period, but he did not believe that anything they did was legally binding." (ECF No. 235 at 2). Defendant contends that Plaintiff was not prevented from fully and fairly presenting the affidavit to the jury. Defendant contends that Plaintiff's current motion is an untimely motion for reconsideration of the Court's Order on summary judgment.

Plaintiff has submitted Defendant Coverstone's affidavit dated May 12, 2009 which stated:

> On January 22, 2008, Mr. Fleming and I exchanged some e-mails evidencing our intention to put a transaction together wherein my company would purchase the patents for $1 million if they checked out after a due diligence period. It was my intention and understanding that this was an option agreement whereby my company had the sole right to purchase the portfolio prior to February 15, 2008 in exchange for making a deposit of $10,000. I did not intend to enter into a binding agreement to purchase the patents at that time, and would not have done so before conducting due diligence.

(ECF No. 69-1 at 2-3).

Plaintiff has submitted Defendant Coverstone's testimony at trial which stated:

> [Schossberger]
> Q: Mr. Coverstone, is Exhibit Two [the email exchange on January 22, 2008] an agreement between you and Mr. Fleming?
> A: No
> Q: Is Exhibit Two an option agreement between you and Mr. Fleming?
> A: No
> Q: Today, do you want the jury to believe your June and October sworn declaration testimony, 'That I do not intend to formulate the contract.'
> or two, do you want the jury to believe your May 2009 sworn affidavit testimony that, 'It was my intention and understanding that this was an option agreement;'
> or three, do you want the jury to believe your October 2009 sword deposition testimony that ...[it] was not an agreement, was not a legally binding contract;
> or do you want the jury to believe your testimony just now that Exhibit Two is not an agreement and Exhibit Two is not an option agreement?
>
> [Hensrude]
> Q: Compound. And assumes facts, you honor.
> [The Court]
> A: Sustained. It's compound.

| | |
|---|---|
| | [Schossberger] |
| | ... |
| Q: | Do you want the jury to believe your testimony that you just stated to me that Exhibit Two is not an option agreement? |
| A: | I think that there was an informal agreement, but I don't think that there was anything actually legally binding. |
| Q: | So you don't think Exhibit Two is a legally binding contract of any nature, whether it be an option agreement or an agreement to purchase and sell. Is that your position? |
| A: | I don't. At this point in time, I trusted Hoyt Fleming. I thought that we had a gentleman's agreement. I didn't think that we had a legally binding agreement that I would be able to come to court and sue on if something didn't work out. |
| Q: | Mr. Coverstone, is it not correct that you have changed your sworn testimony four times with respect to what Exhibit Two is? |

(ECF No. 227-3 at 2-3).

Federal Rule of Civil Procedure 56 regarding summary judgment provides:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56(h). In *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262 (9th Cir. 1991), the Court of Appeals for the Ninth Circuit stated: "The general rule in the Ninth Circuit is that a party cannot create an issue of fact [to prevent summary judgment] by an affidavit contradicting his prior deposition testimony." *Kennedy*, 952 F.2d at 266 (citing *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 543-44 (9th Cir. 1975)). "[T]he *Radobenko* court was concerned with 'sham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment." *Id.* "[B]efore applying the *Radobenko* sanction, the district court must make a factual determination that the contradiction was actually a 'sham.'" *Id.* at 267.

In this case, there has been a jury verdict and final judgment has been entered. Plaintiff has submitted no authority to support Plaintiff's contention that Rule 56(h), the sham testimony rule for summary judgment, allows this Court to disturb the jury's verdict and final judgment. Plaintiff has submitted no authority to support Plaintiff's contention that Rule 56(h) allows the Court to strike an affidavit in support of an opposition to a motion for summary judgment where the Court has ruled on the motion, a trial was held, and trial testimony contradicts the

prior affidavit.

Even if the Court could strike the affidavit, the Court "must make a factual determination that the contradiction was actually a 'sham.'" *Kennedy*, 952 F.2d at 267. Coverstone's affidavit explained that "[i]t was [his] intention and understanding that [the email exchange on January 22, 2008] was an option agreement." (ECF No. 69-1 at 2-3). This testimony in the affidavit sets forth Coverstone's intent and belief at the time of the email exchange. At trial, Coverstone was asked: "Is Exhibit Two [the email exchange as of January 22, 2008] an option agreement between you and Mr. Fleming?" (ECF No. 227-3 at 2). This question elicited Coverstone's current opinion regarding the legal effect of the January 22, 2008 email exchange. Coverstone responded, "No." *Id*. To the extent Coverstone testimony in his affidavit and Coverstone's testimony at trial are inconsistent, the Court declines to find that the testimony in the affidavit was a "sham," in light of the jury verdict.

There is no basis for a new trial pursuant to Federal Rule of Civil Procedure 59 or relief from a judgment pursuant to Federal Rule of Civil Procedure 60. Fed. R. Civ. P. 59, 60; *see also Bunch v. United States,* 680 F.2d 1271, 1283 (9th Cir. 1982) (affirming denial of a motion for relief from judgment where defense witness's testimony at trial differed from the deposition testimony on the grounds that plaintiff "was permitted to use the alleged prior inconsistent statements to attempt to impeach [the witnesses]."). The Motion For Sanctions Including: A New Trial; Relief From the Judgment; and Relief From the Order Denying Plaintiff's Motion for Partial Summary Judgment (ECF No. 227) filed by Plaintiff Hoyt A. Fleming is DENIED.

## IV.    Conclusion

The Motion For Sanctions (ECF No. 227) and the Motion for Court's Review of Order Taxing Costs (ECF No. 231) filed by Plaintiff Hoyt A. Fleming are DENIED.

DATED: August 22, 2011

**WILLIAM Q. HAYES**
United States District Judge